Bethea vs. Prothro.

---

## BETHEA vs. PROTHRO.

The defendant, in an attachment, took issue on the attachment-affidavit; and, thereupon, moved for leave to open and conclude the case on the trial of the issue. The court overruled the motion, and there was a verdict for the plaintiff. The record did not show whether any evidence was introduced by the plaintiff, or indeed by either party.

*Held*, That the case made by the record, was not sufficient to entitle the defendant to a new trial.

Attachment. From Merriwether county. Decision by Judge Bull, at August Term, 1858.

George Prothro, by his attorneys Adams & Knight, sued out an attachment against William L. Bethea. The affidavit upon which the attachment issued, was made by John Knight, one of the firm of Adams & Knight, who swore that William L. Bethea was indebted to said Prothro one hundred and twenty-four dollars and three cents, according to the best of his knowledge and belief, and that said William L. Bethea absconds.

At the return Term of the attachment, defendant appeared and pleaded that he did not abscond as alleged by plaintiff in said affidavit, and upon this issue being submitted to a jury, counsel for defendant claimed the right

to open and conclude.   The court held otherwise, and decided that plaintiff was entitled to the opening and conclusion, and to this decision counsel for the defendant excepted.

GEORGE A. HALL, for plaintiff in error.

ADAMS & KNIGHT, and B. H. HILL, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

It is true, we think, that on such an issue as this the defendant in the action has the right to open ; and also, the right to conclude, provided the plaintiff introducing evidence.   The plaintiff's affidavit makes out a *prima facie* case for him.   It is also true, that the court in the present case refused the defendant's motion to be allowed to open and conclude.   But does it thence follow that this court ought to grant a new trial of the issue?   We think not.   It may be that the effect of the plaintiff's having to open was of benefit to the defendant, for it may be that the plaintiff introduced the very evidence which the defendant would have introduced, if he had opened.   If this was so, the effect of the plaintiff's having to open was of benefit to the defendant, rather than of injury—for it gave him the conclusion.   What were the facts in this respect, does not appear in the record.   There is nothing in the record to show that any evidence was introduced by either party ; or to show that any address to the jury was made by either party.   In a word, there is nothing in the record to show that the decision, even if wrong, worked any harm to the plaintiff in error.   We may say, then, we think, that what we are allowed to see in this case, is not sufficient to justify us in granting a new trial.                    Judgment affirmed.