## 21816. MORGAN-HILL PAVING COMPANY *v.* SHANKS.

BELL, J. 1. "Errors alleged to have been committed in overruling a demurrer to a petition can only be reached by exceptions filed pendente lite or by direct exception to the judgment complained of; and in the latter case the bill of exceptions must be tendered for certificate within the prescribed time from the rendition of the judgment complained of; otherwise such exceptions can not be considered." *Kelley* v. *Collins & Glennville R. Co.,* 154 *Ga.* 698 (115 S. E. 67); *Corniff* v. *Cook,* 95 *Ga.* 61 (22 S. E. 47, 51 Am. St. R. 55); *Willbanks* v. *Untriner,* 98 *Ga.* 801 (25 S. E. 841).

2. This was an attachment case, and the judgment overruling the defendant's demurrers was rendered in term. The defendant filed no exceptions pendente lite, but excepted to this judgment only by assignments of error in the bill of exceptions to this court after final judgment in favor of the plaintiff. The bill of exceptions having been tendered for certification more than sixty days after the judgment overruling the demurrers, the exceptions to this judgment as contained in the bill of exceptions were presented too late, and can not be considered by this court for the purpose of passing upon the correctness of such judgment. Civil Code (1910), § 6152; *Parrish* v. *Central of Georgia Ry. Co.,* 36 *Ga. App.* 133, 135 (135 S. E. 762).

3. The overruling of a demurrer to a declaration or petition is not a proper ground for a motion for a new trial. *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190).

4. The overruling of the general demurrer to the attachment declaration, not having been excepted to within the time required by law, must be treated as a conclusive determination that the declaration alleged a sufficient cause of action in favor of the plaintiff, and, upon substantial proof of the case as laid, the plaintiff was entitled to a verdict in his favor. *Hollis* v. *Nelms,* 115 *Ga.* 5 (4) (41 S. E. 263); *Sims* v. *Georgia Ry. &c. Co.,* 123 *Ga.* 643 (51 S. E. 573); *Dolvin* v. *American Harrow Co.,* 125 *Ga.* 699, 702 (54 S. E. 706, 28 L. R. A. (N. S.) 785); *Pierpont Mfg. Co.* v. *Mayor &c. of Savannah,* 153 *Ga.* 455 (112 S. E. 462).

5. A ground of a motion for a new trial which complains of the admission or rejection of evidence, but which does not set forth the evidence either in full or in substance, is insufficient to raise any question for decision. *Bennett* v. *Patten,* 148 *Ga.* 66 (3 *a*) (95 S. E. 690). Under this rule, there was no merit in special ground 3 of the motion for a new trial.

6. The party having the burden of proof is entitled to open and conclude the argument before the jury, where the opposite party introduces no evidence. Civil Code (1910), § 5746; *Moore* v. *Carey*, 116 *Ga.* 28 (5) (42 S. E. 258). Where the defendant's answer in an attachment case not only denies the ground of the attachment, as that the defendant was a nonresident, but also denies the allegations as to liability, and the several issues as thus made are tried together, and where both parties introduce evidence in support of their respective contentions, the plaintiff is entitled to open and conclude the argument before the jury. Accordingly, there is no merit in special ground 5 of the motion for a new trial. This ruling is not in conflict with the decision in *Bethea* v. *Prothro*, 28 *Ga.* 109, in which, so far as appears, the defendant pleaded only that he did not abscond as alleged by the plaintiff in the attachment affidavit.

7. Under the evidence adduced, the jury were authorized to find that the defendant paving contractor was negligent in failing to maintain a light upon the barricade by which it closed the highway during the nighttime, and that this negligence was the proximate cause of the damage to the plaintiff's automobile. *McDougald Construction Co.* v. *Mewborn*, 34 *Ga. App.* 333 (129 S. E. 917).

8. Under the facts appearing, it can not be held as a matter of law that the plaintiff should be barred from a recovery by his own negligence. The fact that the plaintiff may have been "grossly negligent" in driving his automobile rapidly through a fog would not conclusively prevent a recovery for damage caused by collision with the barricade, where it appeared from the evidence that the plaintiff had emerged from the fog some 50 yards before reaching the barricade and was then driving at a reasonable rate of speed, and was not informed that the highway was closed, and did not know of the existence of the barricade, and where the evidence further authorized the inference that the barricade was not lighted, and that, by reason of its form and color, the plaintiff could not have discovered it by ordinary care in time to avoid the collision. See, in this connection, *Larkin* v. *Andrews*, 27 *Ga. App.* 685 (109 S. E. 518).

9. Special grounds 2 and 4 were mere amplifications of the general grounds. Under the above rulings, the evidence authorized the verdict for the plaintiff, and there was no merit in any of the grounds of the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 11, 1932.

*H. G. Bell,* for plaintiff in error. *A. B. Conger,* contra.