70560, 70561. IDOWU v. LESTER et al. (two cases).
(337 SE2d 386)

Sognier, Judge.

Omotayo Idowu filed a complaint against Arthur Hines seeking damages for trespass and conversion. The trial court granted Hines' motion to add Raymond Lester as a defendant to that action. Idowu filed a separate complaint for breach of contract against Lester and Hines. Although the two actions were ordered consolidated for trial, the trial court issued two separate orders on motions for summary judgment filed by Lester and Hines. In one order the trial court granted Lester's motion for summary judgment on the trespass and conversion complaint (leaving pending Idowu's claims for trespass and conversion against Hines) and granted both appellees' motion for summary judgment on Idowu's breach of contract complaint (Case No. 70561). In a second order the trial court granted appellees' motion for summary judgment on the breach of contract complaint on the ground that this complaint was barred by the statute of limitations. Although Idowu filed separate appeals from each order, both appeals are addressed in this opinion.

1. (a) In Case No. 70561, appellant contends the trial court erred by granting summary judgment in favor of Lester on appellant's trespass and conversion claims. The trial court determined that these claims had been raised in appellant's counterclaim filed in a prior action brought against him by Lester and thus were barred under the doctrine of res judicata. However, the record reflects that the counterclaim was dismissed for want of prosecution and this dismissed counterclaim was not a compulsory counterclaim to the prior action. Because such a dismissal does not operate as an adjudication on the merits under OCGA § 9-11-41 (b) and (c), appellant is not barred by the doctrine of res judicata from reasserting those claims. See *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (324 SE2d 494) (1984). Nor do we find these claims barred by the applicable statutes of limitation. OCGA §§ 9-3-30; 9-3-32. Therefore, the trial court erred by granting summary judgment to Lester on these issues.

(b) Also in Case No. 70561, appellant contends the trial court erred by granting summary judgment in favor of appellees on his

breach of contract claims in that these claims were not compulsory counterclaims to prior actions filed against appellant by appellees.

OCGA § 9-11-13 (a) provides: *"Compulsory counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." "The term 'occurrence' or 'same transaction' has been given a broad and realistic interpretation by the courts. Thus, the test to be applied in determining whether a counterclaim is compulsory is whether there is a logical relationship between the claim advanced by the plaintiff and the claim asserted by the defendant. [Cit.] Any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim. [Cit.]" *P & J Truck Lines v. Canal Ins. Co.,* 148 Ga. App. 3, 4 (251 SE2d 72) (1978).

In the instant case, appellant claims appellees breached their agreement with him by failing to reimburse him for expenses incurred in furtherance of a business venture among the parties. The record reflects that at the time appellant's complaint setting forth these claims was filed, an action brought against him by Hines was pending in which Hines claimed appellant breached the agreement between them. Appellant's breach of contract claim is directly related to and was a compulsory counterclaim to Hines' complaint in the earlier filed action; thus, appellant "could not decline to litigate and seek to bring a separate action such as here." *Best v. Ga. Power Co.,* 224 Ga. 669 (164 SE2d 125) (1968). Appellant's claims are also directly related to a prior action filed by Lester against appellant for money claimed due on Lester's withdrawal from the business venture, which action was concluded in favor of Lester. "[A] party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action. . . . [Cit.]" *Harbin Lumber Co. v. Fowler,* 137 Ga. App. 90, 92-93 (2) (222 SE2d 878) (1975). See also *First Fed. &c. Assn. v. I.T.S.R.E.,* 159 Ga. App. 861, 863 (285 SE2d 593) (1981). Therefore, the trial court did not err by granting summary judgment in favor of appellees on appellant's claims for breach of contract. Id.

2. Because we have already decided in Division 1 (b) that the complaint against appellees for breach of contract was properly dismissed on summary judgment, appellant's appeal in Case No. 70560, contending error in the trial court's grant of summary judgment to appellees on the same complaint as barred by the statute of limitation, is rendered moot. Accordingly, this appeal is dismissed. See generally *Brown v. Hemperley,* 125 Ga. App. 828, 829 (189 SE2d 131)

(1972).

*Judgment affirmed in part and reversed in part in Case No. 70561. Appeal dismissed in Case No. 70560. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 21, 1985 —
REHEARING DENIED NOVEMBER 5, 1985 — ▮▮▮▮▮▮▮

*James A. Barnett*, for appellant.
*John W. Lawson*, for appellees.