## 43467. HIGGINS v. DEPARTMENT OF PUBLIC SAFETY.
### (347 SE2d 562)

HUNT, Justice.

Clifford B. Higgins, a Macon attorney, sought to enjoin administrative proceedings against him by the Department of Public Safety. After his petition was dismissed, he filed this appeal.

Higgins was given a traffic citation in Tift County for speeding. The Department of Public Safety notified him that it would revoke his license for "failure to respond" under OCGA § 40-5-56[1] unless he paid the fine to the local court or requested a hearing. He requested a hearing which was set for December 18, 1985, in Macon. On December 12, he filed this suit in equity in Bibb Superior Court seeking to enjoin the administrative hearing. At the hearing for a temporary restraining order the next day, he was allowed 30 more days in which to pay the Tift County fine.

In March, he had not yet paid the fine, so he again was given notice that his license would be suspended in 10 days. On April 4, Higgins sought to reassert his equitable claims against the department before the Bibb Superior Court, but his petition was dismissed for improper venue. He surrendered his license at that time, and filed this appeal.[2]

Higgins contends here that the Bibb Superior Court erred in dismissing his petition to enjoin the administrative hearing. The trial court, however, correctly ruled that Bibb County is not the proper venue for an equitable action against the Department of Public Safety, OCGA § 9-10-30. *Dept. of Public Safety v. MacLafferty*, 230 Ga. 22 (1) (195 SE2d 748) (1973).

Higgins claims he cannot get relief in the administrative proceedings. He has consistently maintained that he is not guilty of the underlying offense, that he was not given a specific appearance date in Tift County, that he sent a letter to the clerk and solicitor of Tift County regarding this citation, along with his request for a trial date and a speedy trial, and that therefore he cannot be culpable for "failing to respond" when no further proceedings have occurred in Tift County. It is palpably clear however that he can raise these issues in

---

[1] OCGA § 40-5-56 provides: "(a) Notwithstanding any other provisions of this chapter or any other law to the contrary, the department shall suspend the driver's license or privilege to operate a motor vehicle in this state of any person who has failed to respond to a citation to appear before a court of competent jurisdiction of this state or of any other state for a traffic violation other than a parking violation. The department shall forthwith notify such person that his license is to be suspended subject to review as provided for in this chapter.

"(b) The person so notified may request a hearing within ten days from the date of receipt of notice sent by certified mail. . . ."

[2] A similar suit in equity was filed in Fulton Superior Court, but that suit was dismissed for failure to exhaust administrative procedures. The department was ordered to hold his long-delayed administrative hearing.

his administrative hearing. *Ledford v. Dept. of Transp.*, 253 Ga. 717 (324 SE2d 470) (1985).

The Bibb Superior Court's dismissal of Higgins' petition to enjoin the administrative proceedings of the Department of Public Safety is affirmed without prejudice to his right to contest the department's action in the appropriate administrative hearing.

*Judgment affirmed. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED SEPTEMBER 3, 1986 —
RECONSIDERATION DENIED SEPTEMBER 18, 1986.

*Robert F. Higgins*, for appellant.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Senior Assistant Attorney General, William F. Amideo, Staff Assistant Attorney General*, for appellee.