73481. TRUST COMPANY BANK OF NORTHWEST GEORGIA
v. SHAW.
(355 SE2d 99)

BENHAM, Judge.

This appeal is brought from a Floyd County Superior Court order denying appellant's motion for summary judgment based on res judicata and consolidating cases involving a former landlord and tenant relationship. We granted appellant's application for interlocutory review.

On September 20, 1984, the First National Bank of Rome (appellant's predecessor), as trustee under a will and acting as landlord, filed dispossessory proceedings against appellee Jack Shaw, d/b/a Shaw's Furniture Company, seeking possession of leased premises and back rent. Shaw answered, setting up several defenses. On October 9, 1984, the landlord moved for a writ of possession due to the tenant's failure to make payments into the registry of the court as required by OCGA § 44-7-54. The tenant filed a demand for jury trial on October 16, and a writ of possession was issued on October 17, 1984, leaving the issue of unpaid rent for jury determination. Fifteen months later, on January 15, 1986, the tenant filed a tort action against appellant for damages allegedly incurred due to appellant's failure to fix the roof of the leased premises from which appellee had been evicted in October 1984. Appellant answered the second action and, after completion of discovery, filed a summary judgment motion claiming res judicata, laches, waiver and estoppel, but arguing mainly the res judicata doctrine. The trial court denied summary judgment and sua sponte consolidated the damages suit with what remained of the dispossessory action. This interlocutory appeal followed.

1. We must first determine whether the proceedings in question are governed by the Civil Practice Act. Citing *State of Ga. v. Britt Caribe, Ltd.*, 154 Ga. App. 476 (268 SE2d 702) (1980), appellee argues that the initial dispossessory proceeding was a special proceeding and,

therefore, not governed under the Civil Practice Act. Unquestionably the statutory scheme provides for a speedy disposition of certain landlord tenant disputes (see OCGA § 44-7-50 et seq.); however, our dispossessory proceedings do not dispense with the applicability of the Civil Practice Act except in certain designated limited circumstances, none of which is present here. Unlike the situation in *State of Ga. v. Britt Caribe, Ltd.*, supra, a condemnation of property case where the statutory provision involved (now OCGA § 16-13-49 (e)) made inapplicable certain specific provisions of the Civil Practice Act, the law as to dispossessory proceedings makes no such exclusion. Therefore, we find the language of the Civil Practice Act, OCGA § 9-11-81, applicable: "This chapter shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law. . . ."

2. Having determined that the Civil Practice Act is applicable, we turn to the thrust of one of appellant's enumerations of error, viz., that the trial court erred in ruling that the second lawsuit, appellee's suit for damages, was not a compulsory counterclaim.

*Idowu v. Lester*, 176 Ga. App. 713, 714 (337 SE2d 386) (1985), quotes OCGA § 9-11-13 (a), the provision of the CPA dealing with compulsory counterclaims, and states the rule of law applicable thereto: "OCGA § 9-11-13 (a) provides: 'A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.' The term "occurrence" or "same transaction" has been given a broad and realistic interpretation by the courts. Thus, the test to be applied in determining whether a counterclaim is compulsory is whether there is a logical relationship between the claim advanced by the plaintiff and the claim asserted by the defendant. Any claim that is logically related to another claim that is being sued on is properly the basis of a compulsory counterclaim. [Cit.]"

The initial dispossessory proceeding by appellant was for failure to pay rent; appellee's lawsuit dealt with the "same transaction" by asserting a claim for damages due to failure to repair. Therefore, under the analytical framework of OCGA § 9-11-13 (a) and *Idowu v. Lester*, supra, appellee's suit was a compulsory counterclaim and should have been advanced in the original dispossessory proceeding. " '[A] party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. *If the first suit is completed*, then res judicata serves to bar proceeding with the second action.' " *First Fed. &c. Assn. v. I. T. S. R. E.*, 159 Ga. App. 861, 863 (285 SE2d 593) (1981). (Emphasis

supplied.) The heart of appellant's appeal is the contention that the trial court erred in denying summary judgment on the issue of res judicata. Although issues of laches, waiver, and estoppel are mentioned, they were neither advanced below nor ruled on by the trial court, nor were they argued on appeal; therefore, we will limit our consideration to the issue of res judicata. The record unequivocally shows that the trial court in the original dispossessory proceeding granted a writ of possession, but the issue of unpaid rent was reserved for jury determination. This being the case, the ruling in *First Fed. &c. Assn. v. I. T. S. R. E.*, supra, is applicable, and the trial court was correct in denying summary judgment on the res judicata issue since the first suit had not been completed.

3. Since appellee should have counterclaimed in the pending dispossessory suit for damages he incurred due to appellant's alleged negligence, appellee's complaint should have been dismissed without prejudice and its substance submitted to the trial court to consider whether it met the criteria of OCGA § 9-11-13 (f) to be allowed as an omitted counterclaim in the dispossessory. *Harbin Lumber Co. v. Fowler*, 137 Ga. App. 90 (2) (222 SE2d 878) (1975). Therefore, direction is given that the complaint be dismissed without prejudice and that appellee be permitted to submit the action to the trial court to consider whether it will be allowed as a counterclaim by amendment under OCGA § 9-11-13 (f) in the dispossessory, within 30 days after the entry of the remittitur from this court. Id. See also *Swim Dixie Pool Corp. v. Kraemer*, 157 Ga. App. 748 (1) (278 SE2d 448) (1981); *Blount v. Kicklighter*, 125 Ga. App. 159 (186 SE2d 543) (1971).

4. While we feel our rulings in the two previous enumerations are clear and unequivocal, we will address appellant's claim of erroneous consolidation to avoid the possibility of confusion. Briefly stated, appellant contends the trial court erred in consolidating the previous dispossessory proceeding with the damages suit filed by the tenant without first obtaining an agreement of the parties. We agree and cite OCGA § 9-11-42 (a): "When actions involving a common question of law or fact are pending before the court, *if the parties consent*, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated. . . ." (Emphasis supplied.) The consolidation of the two cases was error.

*Judgment affirmed in part and reversed in part and case remanded with direction. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 13, 1987.

*Robert L. Berry, Jr., Walter J. Matthews, Terri S. Patterson*, for appellant.

*Wade C. Hoyt III*, for appellee.