A89A1000. REHCO CORPORATION v. CALIFORNIA PIZZA KITCHEN, INC.
(383 SE2d 643)

SOGNIER, Judge.

Rehco Corporation, a California manufacturer and installer of restaurant equipment and fixtures, brought suit against California Pizza Kitchen, Inc. (CPK) to recover payment under a contract to equip and furnish an Atlanta restaurant owned by CPK. CPK answered, alleging, inter alia, Rehco's noncompliance with the Nonresident Contractors Act (the Act), OCGA § 48-13-30 et seq., and moved for summary judgment. The trial court granted CPK's motion for summary judgment and Rehco appeals.

OCGA § 48-13-31 provides that "[e]ach nonresident contractor desiring to engage in the business of contracting in this state shall register with the commissioner for each contract when the total contract price or compensation to be received amounts to more than

$10,000.00 and shall report to the commissioner . . . with respect to the tax liability of the contractor pursuant to the business including, but not limited to, liability under [The Employment Security Law.]" Other pertinent provisions of the Act provide that "[b]efore entering into the performance of any contract the total price of which or the total compensation to be received by the [nonresident] contractor from which amounts to more than $10,000.00, the contractor shall execute and file with the commissioner a good and valid bond . . . ," OCGA § 48-13-32 (a), that "[t]he execution and filing of the bond . . . shall be a condition precedent to commencing work on any contract in this state,". OCGA § 48-13-32 (b), and that "[n]o contractor who fails to register with the commissioner as required by this article or who fails to comply with any provision of this article shall be entitled to maintain an action to recover payment for performance on the contract in the courts of this state." OCGA § 48-13-37.

It is uncontroverted that appellant is a nonresident corporation, that it did not register or file a nonresident tax bond, and that the total compensation contemplated by the contract in issue here is greater than $10,000. Nevertheless, appellant contends the trial court erred by granting summary judgment to appellee because appellant was not subject to the Act and thus was not barred by OCGA § 48-13-37 from bringing this action.

Although we find appealing appellant's argument that because the Supreme Court has held that the Act's intent and principal purpose is "to require that a bond be posted to insure payment of unemployment contributions which are the responsibility of the contractor," *Gorrell v. Fowler*, 248 Ga. 801, 803 (5) (286 SE2d 13) (1982), a contractor like itself which incurs no liability to the State of Georgia under the Employment Security Law should be exempt from the harsh penalty for failure to comply with the Act, we are constrained by the language employed in the statute to disagree. While the intent of the legislature is the fundamental factor in statutory construction, " 'where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. (Cit.)' [Cit.]" *Williamson v. Lucas*, 171 Ga. App. 695, 697 (320 SE2d 800) (1984). We find the words of the legislature plain and unequivocal. OCGA § 48-13-30 defines the term "contractor" broadly as "any person engaged in the business of constructing, altering, repairing, dismantling, or demolishing . . . every . . . type of structure, project, development, or improvement coming within the definition of real property or personal property . . ." and the record before us is clear that appellant's activities are encompassed in this expansive category. Further, the Act specifically provides that it applies to "each nonresident contractor" based on the contract price, OCGA § 48-13-31, and without regard to any revenue liability the contractor may incur to the State.

Thus although the Supreme Court in *Gorrell,* supra, identified the primary purpose of the statute, to construe the Act as addressing solely that one purpose would be to render meaningless or mere surplusage much of the language in the Act, a construction we cannot accept. See generally *Lovett Sports v. Atlantic Exhibit Svcs.,* 178 Ga. App. 278, 280 (342 SE2d 726) (1986).

Accordingly, we agree with that portion of the trial court's ruling which holds that in the present posture of this case, appellant may not maintain this action in the courts of Georgia. See *Taco Bell Corp. v. Calson Corp.,* 190 Ga. App. 481 (379 SE2d 6) (1989).

However, although the trial court was correct in concluding that appellant is presently foreclosed from utilizing Georgia courts to pursue this action, "the judgment was incorrect insofar as it was styled as the grant of a summary judgment rather than as the grant of a motion to dismiss. As we have stated, compliance with [the Act] is a condition precedent to filing suit [on the contract in Georgia]; however, we view the [bar imposed by OCGA § 48-13-37] as a matter that is properly raised as a plea in abatement and not a proper subject for summary judgment. [Cit.] Summary judgment motions contemplate a judgment on the merits of the case and cannot be properly utilized to raise matters in abatement. [Cit.]" *Jones v. City of Austell,* 166 Ga. App. 808, 810 (305 SE2d 653) (1983). Despite the involuntary nature of a dismissal based on OCGA § 48-13-37, such a dismissal is in the nature of a dismissal for lack of subject matter jurisdiction and not on the merits, and OCGA § 9-11-41 (b) is not applicable. See *National &c. Corp. v. Mt. Olive &c. Inc.,* 244 Ga. 240, 242 (260 SE2d 1) (1979); accord *Jones,* supra at 810; *Taco Bell,* supra at ___. Were we to hold otherwise, our decision would result in the permanent forfeiture of appellant's right to compensation. It is well established that "'[f]orfeitures are not favored, and courts incline against them.'" *Sale v. Leachman,* 218 Ga. 834, 837 (1) (131 SE2d 185) (1963).

Although we intimate no opinion on the matter because the issue is not presently before us for decision, we note that Georgia courts have held that forum-closing statutes such as OCGA § 48-13-37 do not bar the refiling of an action once the condition precedent has been satisfied. (See *Jones,* supra, where this court held that plaintiff's failure to give the ante litem notice to a municipality required by OCGA § 36-33-5 necessitated dismissal of the action, but that the suit could be refiled should the notice requirement be satisfied subsequently. See also *National &c. Corp.,* supra, where a similar result was reached by the Supreme Court when the dismissal was based on a plea of res judicata but, although summary judgment had been granted in the prior suit, it was not granted on the merits and therefore had not properly been a summary judgment.)

"In cases where the merits could not have been reached because

of the failure of the plaintiff to satisfy a precondition, the appropriate action is dismissal of the case on motion. Such a dismissal should be without prejudice, [cit.], and, having no res judicata effect, would not bar the filing of another suit. [Cit.] We, therefore, reverse and remand the case for further action not inconsistent with this opinion. [Cit.]" *Jones*, supra at 810.

*Judgment reversed and case remanded with direction. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1989.

*F. Carter Tate*, for appellant.
*Phillips, Hinchey & Reid, Robert L. Crewdson*, for appellee.