## A89A1372. CLEMONS v. ALLSTATE INSURANCE COMPANY.
(388 SE2d 357)

McMurray, Presiding Judge.

Allstate Insurance Company ("Allstate") filed a declaratory judgment action against Phyllis Clemons and others, seeking a determination of its liability under an "Allstate Renters Policy" issued to Clemons. Clemons denied the material allegations of the complaint and counterclaimed for damages she allegedly sustained when the house she was renting was destroyed by fire. Allstate dismissed its declaratory judgment action against Clemons and *a pretrial order was entered wherein Allstate admitted that its policy of insurance was effective when the house Clemons was renting was destroyed by fire, but denied liability under the policy due to alleged material misrepresentation of facts by its insured in the insurance application and during the investigation after the fire.* Allstate also defended by alleging that the fire "occurred . . . at the direction of, or with prior knowledge of . . . Clemons or any other insured under the policy . . . ." The case was later tried before a jury and, despite Clemons' objection, Allstate was permitted to open by presenting evidence in support of its defensive allegations. After the close of evidence, Allstate was given the benefit of opening and closing argument. The case was then submitted to the jury and a general verdict was returned for Allstate. This appeal followed. *Held*:

1. In her first enumeration, Clemons contends the trial "court erred in denying . . . her right to open and close the evidence and the argument at the trial of the case."

The party having the burden of proof is entitled to open and conclude argument before the jury. See *Morgan-Hill Paving Co. v. Shanks*, 45 Ga. App. 274, 275 (6) (164 SE 221). In the case sub judice, Clemons argues that the dismissal of Allstate's declaratory judgment action placed upon her the burden of going forward with evidence in support of her counterclaim. This argument is without merit.

An examination of the trial transcript shows that the trial court instructed the jury that Allstate had the burden of proving its case by a preponderance of the evidence. Clemons made no exception to this instruction. Further, *the pretrial order shows that the only factual issues for resolution relating to Clemons' counterclaim against Allstate were the affirmative defenses raised by Allstate.* (The parties stipulated to the prima facie case asserted by Clemons in her counterclaim, i.e., that she was covered under an Allstate renters policy and that the house Clemons was renting was destroyed by fire.) " 'The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential.' [Cits.]" *Parsons v. Harrison*, 133 Ga. App. 280, 283 (3) (211 SE2d 128). Consequently, under the particular facts and cir-

cumstances of the case sub judice, the burden of going forward with evidence rested with Allstate. See OCGA § 24-4-1; *Metropolitan Publishers Reps. v. Arnsdorff*, 153 Ga. App. 877, 878 (1) (267 SE2d 260). See also *Simmons v. Brannen*, 155 Ga. 494, 495 (1), 496 (117 SE 318). Compare *Carver v. Jones*, 166 Ga. App. 197 (1) (303 SE2d 529). It therefore follows that the trial court did not err in refusing Clemons' request to go forward with evidence and in allowing Allstate to open and close argument to the jury. See *United States v. Tract &c. of Land in Chatham County*, 47 FSupp. 30, 34 (SD Ga. 1942).

2. Clemons contends in her final two enumerations that the trial court erred in denying her motion for directed verdict, arguing that there was insufficient evidence to support Allstate's defenses "of application misrepresentation" and "of concealment and misrepresentation in the submission of the insurance claim." These enumerations present no issue which requires reversal.

" 'On appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. (Cit.)' *Felton v. Mercer*, 149 Ga. App. 358, 360 (1) (254 SE2d 398) (1979). 'The standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard. (Cit.)' [Cit.]" *American Game &c. Svc. v. Knighton*, 178 Ga. App. 745 (1) (344 SE2d 717). In the case sub judice, Allstate not only defended on the basis of Clemons' alleged misrepresentations, it alleged that Clemons or another insured intentionally caused the fire which destroyed the rental house. In this vein, Allstate presented evidence showing that no accidental cause was found for the fire; that Clemons had been experiencing severe financial difficulties at the time she applied for the renters insurance; that Clemons requested and obtained the maximum coverage possible for renters insurance; that the house Clemons was renting was destroyed by fire less than 10 days after she applied for the insurance; that Clemons' property loss claim was exaggerated; that Clemons and her husband had been involved in other fire loss incidents; that Clemons was vague regarding her involvement in these cases and that Clemons had been deceptive and contradictory regarding events leading to and surrounding the loss of the house she was renting. This evidence was sufficient to authorize the jury's verdict on Allstate's arson defense. Consequently, the trial court did not err in denying Clemons' motion for directed verdict.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur in Division 2 and in the judgment.*

DECIDED OCTOBER 20, 1989 —
REHEARING DENIED NOVEMBER 13, 1989.

McDaniel, Bodker, Ramsey & Andrews, John R. Gaughen, for appellant.
Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, William E. Zschunke, for appellee.