A93A2350. ALLERA CORPORATION v. DERBY CYCLE CORPORATION.
(436 SE2d 753)

McMURRAY, Presiding Judge.

This is a suit on an account. After a trial before the court without a jury, the trial court entered judgment in favor of plaintiff Derby Cycle Corporation and against defendant Allera Corporation. Defendant appeals and enumerates as error the denial of its motion to dismiss and the entry of judgment in favor of plaintiff based upon insufficient evidence. *Held:*

1. As matters outside the pleadings were presented and considered by the trial court in relation to defendant's motion to dismiss, it must be considered as a summary judgment motion. OCGA § 9-11-12

(b). See *Barrett v. Wharton*, 196 Ga. App. 688, 689 (396 SE2d 603); *Winterchase Townhomes v. Koether*, 193 Ga. App. 161, 163 (4) (387 SE2d 361). Because of the subsequent entry of a judgment based on evidence introduced during the trial, the denial of the summary judgment is moot and presents nothing for review on appeal. *Zappa v. Automotive Precision Machinery*, 205 Ga. App. 584 (1) (423 SE2d 286); *Canal Ins. Co. v. Wilkes Supply Co.*, 203 Ga. App. 35 (1) (416 SE2d 105); *Seabolt v. Cincinnati Ins. Co.*, 199 Ga. App. 715 (405 SE2d 757).

2. Defendant's remaining enumeration of error questions whether there was sufficient evidence to authorize the judgment in favor of plaintiff. Defendant alleged an affirmative defense predicated on OCGA § 48-6-32 which provides that: "Willful failure to return any [intangible] property to the commissioner for taxation as required by this article shall be a bar to any action upon the property in any court and may be pleaded as a complete defense to the action, but the holder of the property may at any time pay all taxes, accrued interest, and penalties. Payment in full shall relieve the holder from the penalty provided in this Code section." The accounts receivables upon which plaintiff is suing are intangible personal property pursuant to OCGA § 48-6-21 (4).

Defendant presented uncontroverted evidence that plaintiff had not paid any intangible property taxes to the State of Georgia for the relevant period and that plaintiff operated a warehouse in Georgia from which a large portion of the goods associated with the accounts receivables had been shipped to defendant in Georgia. Thus, defendant established a prima facie case showing plaintiff's obligation to pay intangible personal property taxes to Georgia on at least some portion of the accounts receivables at issue. See OCGA §§ 48-6-25 and 48-6-23 (a) (1).

Plaintiff asserted that the exemption provided under OCGA § 48-6-22 (4) is applicable so that no intangible taxes are due in Georgia upon any of the accounts receivables being sued upon. However, plaintiff failed to prove this contention since its sole witness had no first-hand knowledge as to whether intangible taxes on the accounts receivables being sued upon had been paid in a state other than Georgia. We note in this connection that as the party relying upon the exemption provided under OCGA § 48-6-22 (4), the burden of proof upon this matter rested upon plaintiff. OCGA § 24-4-1; *Clemons v. Allstate Ins. Co.*, 193 Ga. App. 489 (1) (388 SE2d 357). Plaintiff having failed to show that the claimed exemption from taxation was applicable, defendant was under no obligation to present evidence negating this assertion. Under these circumstances the judgment entered by the trial court was not authorized by the evidence.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 14, 1993.

*Furlong & Franco, Walter W. Furlong, Leonard L. Franco*, for appellant.

*Scott F. Randolph*, for appellee.