A95A1575. AYCOCK et al. v. CALK et al.
(476 SE2d 274)

RUFFIN, Judge.

Walter and Joan Aycock sued Laura and Thomas Calk for injunctive relief and damages allegedly arising out of an ongoing feud between the parties. The complaint asserted causes of action for stalking, deprivation of the Aycocks' right of privacy, and assault and battery. The Calks answered the complaint and counterclaimed for damages allegedly resulting from stalking, slander, deprivation of the full use and enjoyment of their property, and assault and battery. The Aycocks moved the court to strike the Calks' counterclaim on the ground that the Calks were required to assert their claims in an earlier action between the parties and that the claims were therefore barred by the doctrines of res judicata and/or collateral estoppel. The trial court granted the Aycocks' motion and ruled, sua sponte, that because the Aycocks' complaint arose out of the same set of facts which formed the basis of the earlier action, it too was subject to dismissal. The trial court accordingly dismissed the Aycocks' complaint. The Aycocks appeal from that order, asserting that the trial court did not have the authority to dismiss their complaint sua sponte. We agree and therefore reverse.

It is clear that in dismissing the Aycocks' complaint, the trial court considered matters outside the pleadings, thereby converting the order into one for summary judgment. OCGA § 9-11-12 (b). See *Allera Corp. v. Derby Cycle Corp.*, 210 Ga. App. 564 (1) (436 SE2d 753) (1993). "Although our law concerning motions for summary

judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. [Cit.] 'This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. [Cits.]' [Cit.]" *Hodge v. Sada Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995). " 'The crucial point is to insure that the party against whom summary judgment is sought has had a *full and final opportunity* to meet and attempt to controvert the assertions against him.' . . . [Cit.]" (Emphasis supplied.) *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 336 (4) (419 SE2d 143) (1992).

While the record as it stands may support the trial judge's ruling, it also shows that the Aycocks were not notified that the trial court intended to rule upon the merits of their claim and that they were not provided a full and final opportunity to respond to the court's sua sponte review. The notice requirement is clear, simple to meet, and necessary. We should not muddy the waters by assuming a party had notice where the record shows none was given. We are thus required to remand the cause so that the Aycocks may be given such fair notice and an opportunity to respond.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. Beasley, C. J., dissents.*

BEASLEY, Chief Judge, dissenting.

I respectfully dissent, as it is time to end this litigation between neighbors.

1. Before addressing the issue of notice, I note that the appeal was originally filed in this Court. It was transferred to the Supreme Court because it is from the dismissal of a complaint for a restraining order, the primary relief requested. Plaintiffs only later added by amendment prayers for monetary damages. It is thus a suit in equity involving an extraordinary remedy. See *Higgins v. Dept. of Public Safety*, 256 Ga. 288 (347 SE2d 562) (1986). "Unless otherwise provided by law, the Supreme Court shall have appellate jurisdiction of the following classes of cases: . . . (2) All equity cases; . . ." Ga. Const. 1983, Art. VI, Sec. VI, Par. III. The legislature has not provided otherwise. Thus it would appear that jurisdiction of the appeal is in the Supreme Court of Georgia. However, the case was transferred back to this Court, by the Supreme Court, which cited *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993).

2. In the exercise of jurisdiction of the appeal, this Court should

affirm the trial court with direction to enter summary judgment because the dismissal is in effect a summary judgment for defendants. The intended result is correct, but what must be clarified is that the case is properly ended. Where the trial court incorrectly grants summary judgment rather than a motion to dismiss, in cases such as *Rehco Corp. v. Calif. Pizza Kitchen*, 192 Ga. App. 92, 94 (383 SE2d 643) (1989), the Court has reversed and remanded. However, in *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 821 (2) (b) (377 SE2d 901) (1989), the Court affirmed with direction.

Plaintiffs had full notice that the trial court would consult the record in the first suit, i.e., *Calk v. Aycock et al.*, CA No. 94-6451-4 (DeKalb Superior Court). In fact, plaintiffs referred to and purportedly attached a part of that record to their brief in support of their motion to strike defendants' counterclaim. And the transcript of the hearing in the prior case has been made a part of the record in this case, at plaintiffs' request in their notice of appeal. The prior suit was the very basis for plaintiffs' own motion to strike defendants' counterclaim. There is no need for further notice and opportunity to respond to the court's sua sponte grant, in effect, of summary judgment to defendants. Based on the record in the prior suit, the Court did grant plaintiffs' motion and dismissed the counterclaim. The same record establishes that the Aycocks even tried to bring into the testimony in the prior suit evidence of what they now complain and could have complained of then. Instead of filing a compulsory counterclaim, however, they filed a separate action before the hearing on the Calks' lawsuit. For that reason, their own complaints were not relevant to the hearing on the Calks' complaint for a permanent restraining order against the Aycocks, which was granted.

The trial court in this case found that "[t]here is no dispute that this action, filed one day before the final hearing in *Calk v. Aycock*, arises out of the same set of facts which formed the basis for that action." Plaintiffs do not demonstrate, by ordering transmittal of the record in the *Calk* case, that the pleadings show that the present suit arises out of a *different* transaction or occurrence than was the subject of the *Calk* suit. OCGA § 9-11-13 (a); *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 31 (1) (410 SE2d 154) (1991). It is their responsibility to do so. *BankSouth, N.A. v. Zweig*, 217 Ga. App. 77, 78 (2) (456 SE2d 257) (1995). Thus we must accept the trial court's finding. See id.

Moreover, as recognized by the trial court, plaintiffs' own motion to strike the counterclaim on the grounds of "collateral estoppel" admits that these claims of these former next-door neighbors against each other are " 'logically related.' " *P & J Truck Lines v. Canal Ins. Co.*, 148 Ga. App. 3, 4 (251 SE2d 72) (1978). See also *Idowu v. Lester*, 176 Ga. App. 713, 714 (1) (b) (337 SE2d 386) (1985). Claim preclu-

sion, or res judicata, bars this suit. See *Sorrells Constr. Co. v. Chandler Armentrout &c.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994), for the distinction between res judicata and collateral estoppel.

DECIDED SEPTEMBER 16, 1996.

*Lawrence D. Kupferman, Drew Findling*, for appellants.
*John L. Welsh II*, for appellees.