A99A2221. DIXON et al. v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.

(529 SE2d 398)

Ellington, Judge.

Eric K. Dixon and James Sprowl appeal from the trial court's order of July 13, 1998, in this suit arising out of Metropolitan Atlanta Rapid Transit Authority's (MARTA's) decision to fire them for allegedly stealing MARTA property. In that order, the court (1) ruled that the appellants' claims, "with the exception of their claim for malicious prosecution[,] are barred by collateral estoppel and res judicata"; (2) denied the appellants' motion for partial summary judgment; and (3) denied the appellants' motion for injunctive and declaratory relief. The appellants also challenge the trial court's order granting MARTA's motion in limine to exclude evidence of an alleged similar transaction. For the following reasons, we affirm in part and reverse in part.

Sprowl and Dixon were employed by MARTA as electrical power technicians. On March 31, 1993, the two were arrested by MARTA police for theft of company property. Samuel Wright, the appellants' supervisor, sent the appellants to meet with George Barlow, the Deputy Director of Maintenance, and Ken McDonald, the appellants' General Foreman. MARTA police officers escorted the appellants to MARTA headquarters, where the meeting continued. When the appellants arrived, they were interviewed by MARTA Officers Dilworth and Holt in the presence of a court reporter. Following the interview, Barlow told the appellants that their employment was being terminated for theft of MARTA property.

Pursuant to a warrant, MARTA police searched Dixon's home and recovered several items allegedly belonging to MARTA. Dixon and Sprowl were arrested, taken to jail, and then released on bail within six hours of the arrest. Although true bills of indictment were returned against both Dixon and Sprowl, the Fulton County District Attorney eventually placed those indictments on the dead docket.

The appellants then sought reinstatement of their employment by filing grievances first with their supervisor, then the maintenance director, and then with the Director of Labor Relations, Lewis Glenn. When these requests were denied, the appellants petitioned their union to arbitrate their grievances. The union agreed.

MARTA and the union submitted the grievances to the American Arbitration Association. MARTA agreed to honor the arbitrator's decision with respect to both Dixon's and Sprowl's grievances, although only Dixon's grievance would be heard. The appellants and MARTA were represented during the arbitration by their authorized union representatives, not by their attorneys. Although the arbitrator found that one witness, Thaddeus Lewis, had seen Dixon taking MARTA property from the premises, the arbitrator concluded that MARTA had not met its burden of proving that Dixon committed a theft and that, consequently, MARTA lacked "just cause" for firing him. The arbitrator ordered that Dixon be returned to his former position with back pay, all benefits, and seniority and that MARTA purge from his personnel file all references to the theft. After the award was entered, Dixon's former attorney and MARTA's representative asked the arbitrator to clarify whether Dixon's back pay should be reduced by amounts he earned while employed elsewhere. The arbitrator then entered a "Clarification Order" stating that Dixon's back pay should be reduced by all sums earned during the period he was terminated. The appellants were reimbursed back pay less those sums, and in April 1994, the appellants were reinstated to their jobs and their seniority within MARTA and their department.

In October 1996, the appellants sued MARTA and Thaddeus Lewis, alleging malicious prosecution, slander, and damage to reputation. The appellants amended their complaint in June 1997 to add claims for breach of the arbitrator's award, continuing nuisance arising from MARTA's alleged use of police officers who fabricated or spoliated evidence, and alleged deprivations of the appellants' rights, privileges, and immunities arising under the Georgia Constitution.

1. The appellants contend the trial court erred in denying their motion for partial summary judgment on their claim that their immediate termination violated the due process and equal protection clauses of the Georgia and United States Constitutions. Appellants contend they should have been suspended with pay and given notice and a hearing prior to being terminated. This argument depends on a finding that appellants had a protected property interest in their employment. See *Bd. of Regents &c. v. Roth*, 408 U. S. 564, 577 (92 SC 2701, 33 LE2d 548) (1972). Based upon language found in the "Grievances" section of the Labor Agreement then effective between MARTA and Amalgamated Transit Union Division 732, appellants claim they are not terminable-at-will employees. They argue that the

agreement's grievance procedure created a property interest in their continued employment because it provided that MARTA may be required to reinstate employees to their employment if an arbitrator found they were terminated without "just cause." We disagree with the appellants' interpretation of the Labor Agreement.

In Georgia, "[g]enerally, one in public employment has no vested right to such employment." *Barnes v. Mendonsa,* 110 Ga. App. 464, 465 (2) (138 SE2d 914) (1964). Unless the employment arrangement is modified by additional contractual or statutory provisions, the "power to hire carries with it the implied power to fire." *Richmond County v. Jackson,* 234 Ga. 717, 719 (1) (218 SE2d 11) (1975); see *Brownlee v. Williams,* 233 Ga. 548, 555 (2) (212 SE2d 359) (1975). In deciding whether a person possesses a property interest, a court must carefully sift through abstract needs and unilateral expectations until it locates a legitimate claim of entitlement. *Bd. of Regents &c. v. Roth,* 408 U. S. at 577. The source of such interests is not to be found in the Constitution. Rather their existence and dimensions are defined by "existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id. The right to continued employment may arise where there is a guarantee of employment for a fixed term, see *Lentz v. City Council of Augusta,* 48 Ga. App. 555, 556 (1) (173 SE 406) (1934), or where the employment allows termination only for cause, *Brownlee v. Williams,* 233 Ga. at 555 (2) (construing Civil Service Act of Fulton County). A property interest in employment can be created by local ordinance or by implied contract. *Bishop v. Wood,* 426 U. S. 341, 344 (96 SC 2074, 48 LE2d 684) (1976).

Appellants cite *Lewis v. Hillsborough Transit Auth.,* 726 F2d 664 (11th Cir. 1983), for the proposition that an employee may have a protected property interest in continued employment by virtue of a collective bargaining agreement entered into between the employer and the employee's union. We decline to address, at this time, whether a collective bargaining agreement may give rise to a property interest in continued employment. Assuming, however, for the sake of argument, that it does, we nevertheless find that the terms of this agreement are insufficient to create such an interest.

Section VII of the collective bargaining agreement between MARTA and the union provides:

> The right to hire and discharge employees and the management of MARTA's vehicles, shops, garages, offices, and all other departments, and of all of MARTA's properties is reserved by MARTA and shall be vested exclusively in MARTA . . . except as expressly restricted in this contract.

The agreement does not contain a provision expressly stating that MARTA's union employees cannot be terminated without just cause. Although Section IV of the agreement does create a procedure permitting union officers to negotiate grievances on behalf of union members, nothing in that section alters the at-will status of MARTA employees. The grievance section provides:

> Employees of MARTA, members of the Union, who have been reprimanded, suspended, or discharged, shall have the right to have their cases taken up by the officers or committee of said Union with the duly accredited officers of MARTA, and in such cases where, upon investigation, it is found and mutually agreed to by the representative of the Union and representative of MARTA, that such employees were not reprimanded, suspended or discharged for just cause, they shall be reinstated to their former positions, and MARTA and the Union shall negotiate a proper remedy.

This section did not expressly prevent MARTA from firing covered employees without cause. Rather, it created an after-the-fact mechanism through which a reprimanded, suspended, or terminated employee might seek reinstatement and redress through the union. Because nothing in the collective bargaining agreement altered the appellants' status as at-will employees, the agreement was insufficient to create a property interest in continued employment that would entitle the appellants to a pre-termination hearing. See *Goetz v. Windsor Central School Dist.*, 698 F2d 606, 610 (2nd Cir. 1983). The trial court, therefore, properly denied appellants' motion for partial summary judgment on this basis.

With respect to the appellants' remaining arguments for summary judgment, we have reviewed them and find them to be without merit.

2. In conjunction with their motion for partial summary judgment, the appellants asked the trial court to declare a portion of the grievance procedure of the collective bargaining agreement unconstitutional and to enjoin MARTA from enforcing that provision in the future. The appellants argued the grievance procedure is unconstitutional to the extent that it did not allow them to be represented by counsel during arbitration. Pretermitting whether injunctive or declaratory relief would be appropriate under such circumstances, the appellants have provided us with no authority for the proposition that they have a Sixth Amendment right to counsel at this civil, voluntary, post-termination grievance proceeding. The trial court did not err in denying the motion for declaratory or injunctive relief.

3. The appellants argue that the trial court erred in sua sponte

eliminating some of their claims. The trial court ruled that "[a]ll Plaintiffs' claims with the exception of their claim for malicious prosecution are barred by collateral estoppel and res judicata." The appellants do not challenge the legal basis of the court's ruling; rather, they argue that they were not given an opportunity to present argument on those claims and that material issues of fact remain for jury resolution.

> Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. The crucial point is to [e]nsure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.

(Citations, punctuation and emphasis omitted.) *Aycock v. Calk*, 222 Ga. App. 763-764 (476 SE2d 274) (1996). We have reviewed the record and the transcript of the motion hearing. It does not appear from the record that either MARTA or the appellants briefed or presented oral argument on the claims the trial court struck. Therefore, we cannot conclude that the appellants had a full and fair opportunity to meet and attempt to controvert the assertions against them with respect to those claims. Consequently, we must reverse this portion of the trial court's order. See id.

4. In their final enumeration of error, the appellants argue that the trial court erred in granting MARTA's motion to exclude evidence of an alleged similar transaction involving the arrest and termination of another MARTA employee, Riley Thomas. The appellants have not supported this enumeration in their briefs with citation to the record, citation of authority, or legal argument. Therefore, we deem it abandoned pursuant to Court of Appeals Rule 27 (c) (2). *BCS Financial Corp. v. Sorbo*, 213 Ga. App. 259, 261 (2) (444 SE2d 85) (1994). Rhetoric is not a substitute for cogent legal analysis, which is, at a minimum, a discussion of the appropriate law as applied to the relevant facts. As we have stated, "[a]ppellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (1) (457 SE2d 251) (1995).

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 7, 2000 — 

*Ward & Frison, Lee A. Frison, Jr., Robert M. Goldberg, Michael E. Bergin*, for appellants.

*Chambers, Mabry, McClelland & Brooks, Walter B. McClelland, Jo Beth Gosdeck, Thomas, Kennedy, Sampson & Patterson, Jeffrey E. Tompkins, Dennis R. Fortin*, for appellees.