A02A0486. CHOICE CAPITAL CORPORATION et al. v. PHILLIPS.
(569 SE2d 580)

BARNES, Judge.
Choice Capital Corporation appeals from the grant of partial summary judgment to Earl Phillips on the issue of whether Choice

---

Capital incurred any documentation or marketing costs related to a loan commitment. The trial court found that while Phillips never acquired the collateral required by the commitment, Choice Capital never incurred any costs for preparing, marketing, and delivering the documents associated with the loan. The court therefore concluded that Phillips was entitled to a refund of the $100,000 he paid Choice Capital for those services. Because we find that the trial court erred in its sua sponte finding that Choice Capital did not incur marketing expenses and because genuine issues of material fact remain regarding whether Choice Capital incurred expenses related to "preparing, filing, marketing and delivering" documents associated with the loan commitment, we reverse the trial court's grant of summary judgment on this issue.

The record shows that on March 8, 1996, Phillips entered into a loan commitment (commitment one) with Choice Capital, which would provide up to $3 million in financing for Phillips to purchase an apartment complex. Pursuant to the loan commitment, Choice Capital would receive as collateral a lien on $2 million of "performing mortgage loan documents (the Papers) and or real estate resulting from the foreclosure of the Papers" and a second lien on the apartments Phillips was to purchase. Phillips was to pay

> the cost of preparing, filing, marketing and delivering the documents necessary to raise the funds to be loaned to the Borrower by Choice International Corp. or assigned. This expense has been cap[p]ed at $100,000 by mutual agreement between Mr. Earl Phillips and Choice Capital Corporation. Any excess or shortage shall be absorbed by Choice Capital Corporation.

On March 13, 1996, Phillips entered into a second loan commitment (commitment two) with Choice Capital for the purchase of a loan portfolio. Choice Capital agreed to finance between $100,000 and $10 million. Under the terms of the loan, the loan portfolio would act as collateral for commitment two. According to the evidence, commitment two was contingent upon Phillips' successful bid for the loan portfolio. Phillips again paid Choice Capital $100,000 pursuant to commitment two for "the cost of preparing, filing, marketing and delivering the documents necessary to raise the funds to be loaned to the Borrower by Choice International Corp. or assigned."

Neither loan closed, and Phillips filed suit to recover the $200,000 he paid Choice Capital, alleging breach of both commitments, fraud, and intentional infliction of emotional distress, among other things. Following discovery, Phillips moved for summary judgment, arguing that neither loan commitment was valid and even if

the contracts were enforceable, Choice Capital had breached them. The trial court held a hearing on the motion[1] and subsequently entered an order granting partial summary judgment to Phillips. The trial court found that while both commitments were valid and unambiguous, "questions of fact remain" as to commitment one. In ordering Choice Capital to refund Phillips the $100,000 paid under commitment two, the trial court found that it is "undisputed that Plaintiff never obtained the collateral addressed in Loan Commitment #2 and that Defendants never incurred any costs for preparing, marketing and delivering any documents necessary to raise any funds with respect to Loan Commitment #2."

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001).

Choice Capital argues that a trial court errs in sua sponte granting summary judgment in circumstances where the nonmoving party has not been afforded a full and final opportunity to respond to the claims against it. See *Aycock v. Calk*, 222 Ga. App. 763, 764 (476 SE2d 274) (1996). The nonmoving party is denied such an opportunity in circumstances where the record shows that neither party briefed or presented oral argument on the claim. *Dixon v. MARTA*, 242 Ga. App. 262, 266 (3) (529 SE2d 398) (2000).

Here, we have reviewed the record and it does not reflect that either party presented arguments on the costs incurred for marketing or preparing commitment two. In Phillips' brief on his motion for summary judgment, he argued that the loan commitments were invalid and therefore unenforceable, and thus he could not be bound by their terms. Choice Capital responded that the agreements were valid, and that Phillips' failure to perform was the only reason the transactions were not completed. We cannot conclude that the appellants had a full and fair opportunity to controvert the assertions against them with respect to the marketing claim. See *Aycock v. Calk*, supra, 222 Ga. App. at 764.

Further, despite the trial court's conclusion that it was undisputed that Choice Capital never incurred any cost for marketing, preparing, and delivering the loan documents, a review of the record reflects that Choice Capital presented evidence of these costs during

---

[1] The transcript of the hearing on the motion for summary judgment was not included in the record, but Choice Capital asserts on appeal that the parties did not address the issue of costs at oral argument, and Phillips does not dispute the assertion.

discovery. In a document entitled "Breakdown of Expenses Earl Phillips Projects," Choice Capital listed its expenses for professional services, legal fees, and printing costs related to the loan commitments as $225,000. Additionally, during his deposition, Choice Capital's president testified that Phillips was aware that if he did not acquire the necessary collateral for commitment two, he would forfeit the $100,000 marketing costs. He also detailed some of the work that Choice Capital did related to commitment two.

The trial court appears to conclude that because Phillips was unable to acquire the necessary loan collateral, there were no costs associated with "preparing, filing, marketing and delivering the documents necessary to raise the funds to be loaned" to Phillips. The record does not reflect when Phillips was to acquire the mortgage loans, but because the loan's closing date was on or before April 12, 1996, we assume that it was contemporaneous to the closing date. It is not unreasonable to assume that during the period from March 13, the date Phillips signed commitment two, to the time Phillips knew that he would not have the collateral, Choice Capital might have incurred expenses related to raising the funds to be loaned to Phillips. Indeed, because the loan was going to be used to pay for the mortgage loans for which Phillips was bidding, had Phillips won the bid for the mortgage papers, he would have needed the proceeds of the loan to pay the bid.

For the foregoing reasons, the court erred in its partial grant of summary judgment to Phillips on commitment two.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 12, 2002 —
RECONSIDERATION DENIED JULY 29, 2002.

*Graham J. Purpura*, for appellants.
*Morris, Schneider & Prior, Larry W. Johnson*, for appellee.