A03A2325. CARROLL et al. v. FINOVA CAPITAL CORPORATION.
(594 SE2d 720)

SMITH, Chief Judge.

Roy A. Carroll d/b/a Animal Care Clinic (collectively "Carroll") appeals from the grant of summary judgment entered in favor of Finova Capital Corporation. Because we conclude that the trial court entered a sua sponte summary judgment without providing Carroll with a full opportunity to address the basis on which the court entered its order, we reverse.

Finova filed this action against Carroll alleging that it had provided financing to Carroll in connection with the leasing of office equipment marketed by Recomm Operations, Inc. and others. Finova further alleged that after Recomm sought bankruptcy protection, the United States Bankruptcy Court entered a confirmation of a joint plan of reorganization, which modified the terms of the original lease and released Finova from all claims and defenses that otherwise might have been raised by Carroll on matters occurring before June 30, 1998, and enjoined Carroll from raising any claims or defenses against Finova in connection with the lease on any matters occurring before that date. Finova contended that Carroll defaulted on his obligations under the modified lease.

Carroll answered, denying virtually all allegations and raising, among others, a statute of limitation defense. In response, Finova filed a "brief in support in response to defendants' assertion of statute of limitations defense" arguing that the limitation period had not expired and that the confirmation order precluded Carroll from raising the defense. The trial court conducted a hearing for the primary purpose of deciding whether the action was barred by the statute of limitation. No testimony was presented at the hearing. Instead, the parties outlined the facts and argued extensively concerning the statute of limitation defense.

During the course of the parties' arguments, near the end of the hearing, the trial court concluded that the bankruptcy court modified the original March 1994 agreement, "in essence creating a new lease in 1998," that a six-year statute of limitation applied, and that the limitation period had not expired. After Finova pointed out that the confirmation order "says no defenses can be raised," the court sua sponte granted summary judgment in favor of Finova. The court stated that no other issues existed, based on the "wording from the bankruptcy court that there can be no other defenses raised in this court." In the trial court's written order, which was prepared by Finova, the court entered judgment against Carroll in the principal amount of $20,595.70, in addition to interest of $11,430.62, and attorney fees in the amount of $5,953.50. Carroll appeals from this order.

Carroll argues among other things that the court erroneously held that he could not have rescinded the contract for fraud and that the statute of limitation had not expired. But the trial court's written order prevails over the court's oral conclusions made during the hearing. See *Rothstein v. Brooks*, 133 Ga. App. 52 (2) (209 SE2d 674) (1974). That written order does not state these conclusions. At one point during the hearing the court stated that the limitation period had not expired. But a few moments later, after the court considered the wording of the confirmation order, the court stated that it was "withdraw[ing] all that other superfluous stuff" and that Finova was entitled to summary judgment. With respect to the statute of limitation defense, the trial court's final written order does not recite that the statute of limitation had not expired. Instead, based on the confirmation order, it simply says that Carroll is barred from raising that defense. Although some discussion occurred during the hearing as to whether Carroll rescinded the original lease, the written order is silent on that issue as well. The crux of the trial court's written order is that because of the bankruptcy court's order, Carroll could not raise *any* defenses. Whether the trial court was authorized to enter such a broad order is the central issue we must consider on appeal.

A trial court is authorized to grant a summary judgment sua sponte, but such a ruling

> must be proper in all other respects. This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him.

(Citations, punctuation and emphasis omitted.) *Aycock v. Calk*, 222 Ga. App. 763, 764 (476 SE2d 274) (1996). See also *Studenic v. Birk*, 260 Ga. App. 364, 367 (1) (579 SE2d 788) (2003); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (3) (529 SE2d 398) (2000).

The trial court may well have been correct in concluding that Carroll's defenses were barred by the confirmation order. Nevertheless, we must conclude that summary judgment was premature. The primary issue the parties argued at the hearing was that of whether the statute of limitation barred Finova's claim. After extensive argument on this issue the trial court at the end of the hearing considered a completely different issue, the effect of the confirmation order, and granted complete summary judgment to Finova. Even though no evidence was presented as to the amount owing on the lease, in its written order the court awarded a money judgment of the principal amount allegedly owed by Carroll, plus interest and attorney fees. Understandably, as argued by Carroll on appeal, he "was somewhat flabbergasted to have a final judgment entered against him granting all of the relief sought by" Finova. As stated in *Aycock*, supra, although the record may support the trial court's ruling, the record also shows that Carroll was not aware before the hearing that the trial court would rule on the merits of Finova's claims. Carroll was "not provided a full and final opportunity to respond to the court's sua sponte review. The notice requirement is clear, simple to meet, and necessary. We should not muddy the waters by assuming a party had notice where the record shows none was given." Id. at 764. We therefore must remand this case so that Carroll "may be given such fair notice and an opportunity to respond." Id.

*Judgment reversed. Ruffin, P. J., and Miller, J., concur.*

520

*James A. Elkins, Jr.*, for appellants.
*L. Brown Bivens*, for appellee.