S91A0708. CONSOLIDATED SYSTEMS, INC. v. AMISUB
(McINTOSH TRAIL REGIONAL MEDICAL CENTER), INC.
(408 SE2d 109)

BELL, Justice.

The appellant, Consolidated Systems, Inc. (hereafter Consolidated), filed a one-count complaint against the appellee, AMISUB (McIntosh Trail Regional Medical Center), Inc., d/b/a AMI Griffin-Spalding County Hospital (hereafter AMI), pursuant to which it sought to compel the sale of real property owned by AMI on which Consolidated had filed a materialman's lien. AMI moved to dismiss the complaint, on the ground the lien was unenforceable because Consolidated had failed to comply with the notice requirements of OCGA § 44-14-361.1 (a) (3). Consolidated then amended its complaint by adding two counts. In Count Two Consolidated sought money damages for the value of its materials. In Count Three, Consolidated sought

attorney fees and expenses under OCGA § 9-15-14. The trial court treated AMI's motion to dismiss as a motion for summary judgment. After a hearing, the court granted AMI's motion and dismissed Consolidated's complaint, on the ground Consolidated gave defective notice under § 44-14-361.1 (a) (3). Consolidated has now filed this appeal, and we affirm in part and reverse in part.

1. Consolidated admits that it gave defective notice under § 44-14-361.1 (a) (3), but contends that defective notice should not render a lien unenforceable, and that therefore the trial court erred in granting summary judgment to AMI on Count One of its complaint. We conclude that the filing of imperfect notice does render the lien unenforceable and that the court did not err in granting AMI's motion on Count One.

OCGA § 44-14-361.1 sets forth the requirements for the creation of materialmen's liens, and § 44-14-361.1 (a) provides that "on failure of any of them the lien shall not be effective or enforceable." The creation of liens under § 44-14-361.1 is in derogation of the common law, and strict compliance with the requirements of § 44-14-361.1 is required. *Allied Electrical Contractors v. Kern &c.*, 184 Ga. App. 747, 748 (362 SE2d 452) (1987). Because Consolidated gave defective notice under § 44-14-361.1 (a) (3), Consolidated's lien is rendered unenforceable under the plain language of the statute. The trial court thus correctly granted AMI's motion on Count One of Consolidated's complaint.

2. Consolidated also contends that the court erred in granting AMI's motion on Count Two of its complaint. We agree. AMI's motion only attacked Consolidated's complaint so far as it sought to foreclose the lien; the motion did not attack Count Two. Therefore, the court only had before it a motion for partial summary judgment, and erred in granting AMI's motion on Consolidated's entire complaint. *Frank Woods Constr. Co. v. Randi*, 177 Ga. App. 438, 439 (2) (339 SE2d 406) (1986). Moreover, the defective notice under § 44-14-361.1 (a) (3) would not be a defense to Count Two of Consolidated's complaint, as, under the terms of § 14-44-361.1, the defective notice only renders Consolidated's lien unenforceable.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Clarke, C. J., not participating.*

DECIDED SEPTEMBER 13, 1991 —
RECONSIDERATION DENIED OCTOBER 3, 1991.

*Culbreth & Clarke, J. Caleb Clarke III*, for appellant.
*Mullins, Whalen & Shepherd, Newton M. Galloway, Bannister*

*& Black, Charles C. Black,* for appellee.