S93A0625. COVINGTON et al. v. COUNTRYSIDE INVESTMENT COMPANY, INC.
(428 SE2d 562)

CARLEY, Justice.

Appellant-plaintiffs brought suit, seeking specific performance of a contract to purchase real estate from appellee-defendant or, in the alternative, damages for breach of that contract. Appellee answered and filed a counterclaim, alleging that appellants had breached the contract by failing "to secure financing to close on the purchase. . . ." After discovery, appellee moved for summary judgment as to appellants' main claims. The trial court granted summary judgment in favor of appellee not only as to appellants' main claims, but also as to appellee's counterclaim. It is from that order that appellants appeal.

1. The contract provided that the sale was to close by November 30, 1991 and that time was of the essence. The contract also provided that it was contingent upon appellants' "ability to obtain" a loan in the principal amount of 95 percent of the purchase price. Appellants did apply for the loan, but it is undisputed that they did not qualify for the loan and obtain financing by November 30, 1991. "A party seeking specific performance of a contract must show substantial compliance with his part of the agreement in order to be entitled to a decree. [Cits.]" *Kirk v. First Ga. Investment Corp.*, 239 Ga. 171, 172-173 (236 SE2d 254) (1977). Appellants did not show "substantial compliance" with their part of the agreement, because they did not satisfy the contingency for obtaining a loan by the closing date of November 30, 1991. "The contract [was] not binding on the parties until [appellants] obtain[ed] a . . . loan, for not until the occurrence of that event [did] the contract have mutuality. [Cits.]" *Griffith v. FDIC*, 242 Ga. 367, 369 (249 SE2d 54) (1978).

Since appellants did not satisfy the contingency of obtaining a loan by the closing date, the contract *never* became binding and an enforceable contract capable of being ordered specifically performed *never* came into existence. *Griffith v. FDIC*, supra. Compare *Edwards v. McTyre*, 246 Ga. 302 (1) (271 SE2d 205) (1980); *Bolton v. Barber*, 233 Ga. 646, 647 (2) (212 SE2d 766) (1975).

Even assuming that, prior to November 30, 1991, appellants would otherwise have been entitled to waive the financing contingency and to pay the entire purchase price with their own personal funds, they introduced no evidence that they had ever notified appellee that they wished to waive the financing contingency and that they were ready, willing and able to pay for the property without financing. Most significantly, there was no evidence that appellants had at any time made an unconditional tender of the purchase price provided in the contract. Accordingly, appellants would not be entitled to specific performance under the theory that the financing contingency was waived and that the contract that they seek to enforce was for unconditional cash payment on November 30, 1991. Compare *Edwards v. McTyre*, supra at 303 (2); *Whitley v. Patrick*, 226 Ga. 87, 89 (3) (172 SE2d 692) (1970).

> In order to support a suit by a purchaser for specific performance of a contract for the purchase and sale of land, the purchaser must have paid the purchase money in accordance with the terms of the contract, or made an unconditional tender thereof before the initiation of the action. [Cit.]

*Kirk v. First Ga. Investment Corp.*, supra at 173.

Construing the evidence most favorably for appellants, no genu-

ine issue of material fact remains as to the non-viability of their claim for specific performance. Accordingly, the trial court correctly granted summary judgment in favor of appellee as to that claim.

2. It follows that the trial court likewise correctly granted summary judgment in favor of appellee as to appellants' alternative claim for damages. Where, as in this case, the plaintiff is not entitled to enforce the contract, damages for breach of contract in lieu of specific performance cannot be recovered. *Johnson v. Bourchier*, 245 Ga. 124, 125 (2) (263 SE2d 157) (1980).

3. Appellants enumerate as error the trial court's sua sponte grant of summary judgment in favor of appellee as to appellee's counterclaim for breach of contract.

> "[W]hile in most cases it is better practice to await a motion for summary judgment before entering it for a party, it [may] not [be] erroneous under the circumstances of [a given] case, where the *issues* [are] the *same* as those involved in the movant's motion. . . ."

(Emphasis supplied.) *Cruce v. Randall*, 245 Ga. 669, 671 (266 SE2d 486) (1980). In the instant case, the trial court had before it only a motion for summary judgment as to the issue of appellant's alternative recovery for specific performance or damages. Appellants' liability for breach of contract was an entirely different issue and an entirely different claim. As discussed in Div. 1, the fact that appellants had failed to obtain financing was relevant to the issue of the *enforceability* of the contract. However, appellants' mere failure to obtain financing would not constitute a breach of contract. They were required to apply for a loan and pursue it diligently and in good faith and, if they did so, but still failed to obtain a loan, there was no breach of contract. Appellants' good faith pursuit of financing was not an issue within the ambit of appellee's motion for summary judgment and the trial court erred in granting summary judgment in favor of appellee as to that issue. *Consolidated Systems v. AMISUB, Inc.*, 261 Ga. 590, 591 (2) (408 SE2d 109) (1991). See also *Paino v. Connell*, 207 Ga. App. 553 (428 SE2d 446) (1993); *Frank Woods Constr. Co. v. Randi*, 177 Ga. App. 438, 439 (2) (339 SE2d 406) (1986).

4. In its order, the trial court noted that appellee would have 45 days within which to seek attorney's fees pursuant to OCGA § 9-15-14. This was a correct statement of the applicable time limits for appellee to seek attorney's fees under that statute. There is no indication that appellee ever invoked OCGA § 9-15-14 or that the trial court ever granted attorney's fees to appellee under that Code section. Accordingly, no issue concerning appellee's recovery of attorney's fees under OCGA § 9-15-14 is presented for review in the instant appeal.

5. Appellants' remaining enumeration of error is moot.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 19, 1993 —
RECONSIDERATION DENIED MAY 13, 1993.

*Zachary & Segraves, Rick S. Sexton,* for appellants.
*Quirk & Quirk, Neal J. Quirk,* for appellee.