297 Ga. 313
FINAL COPY

S14G1862. BAC HOME LOANS SERVICING, L.P. v. WEDEREIT.

MELTON, Justice.

Brian Wedereit sued BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing ("BAC") for, among other things, breach of contract and wrongful foreclosure. BAC moved for summary judgment, and the trial court denied BAC's motion on Wedereit's claims for wrongful foreclosure, equitable relief, punitive damages and attorney fees. However, the trial court also granted sua sponte partial summary judgment to Wedereit on his breach of contract claim because BAC allegedly failed to give proper pre-acceleration notice as required under Paragraph 22 of the Security Deed. BAC appealed, and, in Divsion 1 of its opinion, the Court of Appeals affirmed the trial court's sua sponte grant of partial summary judgment to Wedereit. BAC Home Loans Servicing, L.P. v. Wedereit, 328 Ga. App. 566 (1) (759 SE2d 867) (2014). We granted BAC's petition for certiorari to determine whether the Court of Appeals erred when it held in its Division 1 that the issues resolved by the award to Wedereit of partial summary judgment were the same as those raised by BAC's motion for summary judgment, such that an award of partial summary judgment sua sponte

to a nonmovant was permissible. See Covington v. Countryside Investment Co., 263 Ga. 125, 127 (3) (428 SE2d 562) (1993). For the reasons that follow, we reverse.

Under limited circumstances, a court may grant summary judgment sua sponte in favor of a nonmoving party:

> While in most cases it is better practice to await a motion for summary judgment before entering it for a [nonmoving] party, it may not be erroneous under the circumstances of a given case, where the *issues* are the *same* as those involved in the movant's motion.

(Citation and punctuation omitted; emphasis in original.) Covington, supra, 263 Ga. at 127 (3). In order to properly grant summary judgment sua sponte to a nonmovant, it is not sufficient that the issues upon which the sua sponte grant of summary judgment is based are merely similar or related to those raised in the movant's motion for summary judgment, or that they are issues that could have otherwise become the subject of a proper motion for summary judgment because they were raised in the pleadings. See id. at 127 (3) (where defendant only moved for summary judgment on plaintiff's specific performance and damages claims, trial court erred in granting summary judgment to defendant sua sponte on its counterclaim for breach of contract). The issues must be identical to those

raised in the movant's motion, such that it would render the nonmovant's filing of a separate motion for summary judgment on those same issues "a pure formality." Cruce v. Randall, 245 Ga. 669, 669-670 (266 SE2d 486) (1980) (where "two plaintiffs were joint obligees on a promissory note on which the defendants were the obligors, and [where] the issues concerning the defendants' liability [were] identical as to both plaintiffs," trial court properly granted summary judgment sua sponte to nonmoving plaintiff where first plaintiff prevailed on summary judgment). Additionally, the sua sponte

> grant of summary judgment must be proper in all other respects[, which] means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.

(Citations and punctuation omitted.) Aycock v. Calk, 222 Ga. App. 763, 764 (476 SE2d 274) (1996).

In Wedereit's unverified Amended Complaint, he quoted the first section

of Paragraph 22 of the Security Deed, which states:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by Applicable Law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Although Wedereit claimed that BAC had breached this paragraph of the Security Deed, he did not allege how the breach occurred. He only stated that BAC "failed to comply with the requirements of paragraph 22 of the Security Deed as set forth above which thereby constitutes a breach of this agreement." BAC denied the allegations in the complaint, filed an affidavit as evidence of its compliance with the terms of the Security Deed, submitted two letters as evidence of its alleged compliance with Paragraph 22, and moved for summary judgment on the breach of contract claim. Wedereit, on the other hand, submitted

no evidence to affirmatively show that he could carry his burden of proving the merits of his breach of contract claim. Nor did he further clarify that the basis of his claim under Paragraph 22 could have related to alleged deficiencies in the notices sent to him before BAC accelerated the loan.

While the case was in this posture, the trial court concluded that the notice letters sent to Wedereit by BAC and contained in the summary judgment record did not comply with the pre-acceleration requirements of Paragraph 22 and denied BAC's motion for summary judgment on Wedereit's breach of contract claim. As BAC concedes, this portion of the trial court's ruling was correct, because BAC failed to show that there was no evidence sufficient to create a jury issue on at least one essential element of Wedereit's breach of contract claim. See Lau's Corp. v. Haskins, 261 Ga. 491 (405 SE2d 474) (1991). However, the trial court did not stop there. It then went on to grant summary judgment sua sponte to Wedereit on this claim. This was error, because, as explained more fully below, the fact that a defendant is not entitled to summary judgment on a plaintiff's breach of contract claim does not mean that the plaintiff is then automatically entitled to sua sponte summary judgment on that claim.

As an initial matter, it must be said that, despite the fact Wedereit could have raised the breach of contract issue more clearly in his complaint, the issue

of BAC's compliance or lack thereof with respect to Paragraph 22 of the Security Deed was in fact made a part of this case. Accordingly, BAC's motion for summary judgment on this issue did make it a proper one upon which a court could grant sua sponte summary judgment under the appropriate circumstances. The circumstances here, however, were not appropriate. As stated previously, even where the same issues are involved with respect to a party's motion for summary judgment and the issues upon which a trial court chooses to grant summary judgment sua sponte to a nonmoving party, the sua sponte "grant of summary judgment *must [also] be proper in all other respects*[, which] means that[, among other things, the court must] ensur[e] [that] *the record supports such a judgment*." (Emphasis supplied.) <u>Aycock</u>, supra, 222 Ga. App. at 764. Summary judgment was not appropriate for Wedereit here, because the record simply does not support such a judgment in his favor.

This result is made clear by examining the respective burdens at the summary judgment stage for defendants and plaintiffs. For purposes of summary judgment, a defendant does not need to disprove every aspect of a plaintiff's case, but may prevail

by showing the court that the documents, affidavits, depositions and

6

other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least *one* essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to *any* essential element of plaintiff's claim, that claim tumbles like a house of cards. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Emphasis supplied.) Lau's Corp., supra, 261 Ga. at 491. A plaintiff, on the other hand, "must demonstrate that there is no genuine issue of material fact [as to every element of his or her claims] and that the undisputed facts, viewed in the light most favorable to the [defendant], warrant judgment [in the plaintiff's favor] as a matter of law." Id. See also OCGA § 9-11-56 (c). These burdens are completely different, as it cannot be said that, where a defendant is unable to show that "there is no evidence sufficient to create a jury issue on at least *one* essential element of [a] plaintiff's case," a plaintiff has automatically carried his or her burden of proving *every* element of his or her case such that he or she is entitled to judgment as a matter of law. In this sense, a defendant's inability to show at the summary judgment stage that a plaintiff *cannot* prevail as a matter

7

of law has nothing to do with a plaintiff's entirely separate burden of showing that he or she is *entitled* to prevail as a matter of law.

In light of these completely different burdens at the summary judgment stage, the most that can be said with respect to BAC's failed motion for summary judgment is that issues of fact remain with respect to Wedereit's breach of contract claim against it, not that Wedereit has met his own burden of proving his breach of contract claim. This is especially true where, as here, Wedereit pointed to no evidence to support his breach of contract claim, whether produced by him or by BAC. To hold otherwise would impermissibly shift to BAC the burden of "affirmatively disprov[ing] the nonmoving party's case" (see Lau's Corp., supra), rather than leave the burden where it belongs, with Wedereit, to prove his case. Worse still, BAC's failure to meet this impermissibly shifted burden resulted in Wedereit being improperly awarded summary judgment automatically without pointing to any evidence to support his claim. Smith v. Atlantic Mut. Cos., 283 Ga. App. 349, 351 (641 SE2d 586) (2007) (In order for a plaintiff to be awarded summary judgment, "[i]t is incumbent upon [that] plaintiff to prove its case and, until it does, a defendant

is under no obligation to disprove it.").[1]

Here, Wedereit's filing of his own separate motion for summary judgment would not have been a "mere formality," (see <u>Cruce</u>, supra), but would have been a necessary step for Wedereit to take towards meeting his own burden of proving that he was entitled to judgment as a matter of law. Because the record does not support the conclusion that Wedereit carried his burden of proving that he was entitled to summary judgment as a matter of law on his breach of contract claim, the trial court erred in awarding summary judgment sua sponte to Wedereit. We must therefore reverse the Court of Appeals' decision to uphold the trial court's ruling.

<u>Judgment reversed. All the Justices concur.</u>

Decided June 15, 2015.

---

[1] It is worth noting here that the fact that a moving party has failed to prevail at the summary judgment stage does not necessarily mean that the party will not later be able to prevail at trial.

Certiorari to the Court of Appeals of Georgia – 328 Ga. App. 566.

Dickenson Gilroy, Monica K. Gilroy, Tania T. Trumble, Emily H. Cobb, Aimee D. LaTourette, for appellant.

Nicholson Revell, Sam G. Nicholson, Adam W. King, for appellee.