**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 14, 2018**

# In the Court of Appeals of Georgia

A18A0450. BEHDADNIA v. E.E. BEAVERS FAMILY PARTNERSHIP, L.P.

BETHEL, Judge.

Rahmat Behdadnia appeals the trial court's grant of a motion to dismiss in favor of E. E. Beavers Family Partnership, L.P. (Beavers) Behdadnia seeks specific performance of a land sale contract and argues that the trial court erred in holding that his failure to tender the purchase price or to schedule a closing barred his requested relief. Because it is unclear whether the trial court relied on evidence outside of the pleadings in granting Beavers's motion to dismiss, we vacate the trial court's judgment and remand the case for further proceedings consistent with this opinion.

> Under OCGA § 9-11-12 (b) (6), a motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the

complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

*Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 171-172 (733 SE2d 457) (2012) (citation omitted). *See also Scott v. Scott*, 311 Ga. App. 726, 729 (1) (716 SE2d 809) (2011) ("[I]t is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." (citations and punctuation omitted)). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." OCGA § 9-11-10 (c). Therefore, "on a motion to dismiss, the trial court can consider exhibits attached to and incorporated into the complaint. To the extent that there is any discrepancy between the allegations in the complaint and the exhibits attached to it, the exhibits control." *Racette*, 318 Ga.

App. at 172 (citations omitted). This Court reviews de novo a trial court's ruling on a motion to dismiss. *Walker Co. v. Tri-State Crematory*, 292 Ga. App. 411, 411 (664 SE2d 788) (2008).

Guided by these principles, we turn to the complaint and the exhibits attached to it that were filed in this case. The complaint alleges that on July 15, 2016, Behdadnia entered into a sales agreement with Beavers for the purchase of a shopping mall plaza. In consideration of the sales agreement, Behdadnia paid $5,000 in earnest money to Beavers and "put[ ] up more than $450,000 dollars" of the $525,000 purchase price. Behdadnia also paid for an environmental assessment of the property. Following a meeting between the parties to discuss expenses related to the ownership and management of the property, Behdadnia alleges that Beavers terminated the sales agreement. In response, Behdadnia sought specific performance of the sales contract. Paragraph 8 of the Sales Agreement for the property provides in part that

> If the sale of the Property contemplated hereby is not consummated in accordance with the terms and conditions of this Agreement due to any circumstances or conditions other than a default by Purchaser hereunder, the Earnest Money shall be refunded to Purchaser promptly upon request, and Purchaser may exercise such rights and remedies as many be provided for or allowed by law or in equity including, but not limited to, the right to sue for specific performance.

3

Beavers moved to dismiss Behdadnia's complaint for failure to state a claim upon which relief could be granted. After conducting a hearing,[1] the trial court entered an order granting Beavers' motion to dismiss the complaint. This appeal followed.

Behdadnia first argues that the trial court erred in holding that his failure to tender the purchase price for the property barred his action for specific performance.

"In order to support a suit by a purchaser for specific performance of a contract for the purchase and sale of land, the purchaser must have paid the purchase money in accordance with the terms of the contract, or made an unconditional tender thereof before the initiation of the action." *Kirk v. First Ga. Inv. Corp.*, 239 Ga. 171, 173 (236 SE2d 254) (1977) (citation omitted). *See also Covington v. Countryside Inv. Co., Inc.*, 263 Ga. 125, 126 (1) (428 SE2d 562) (1993) ("party seeking specific performance of a contract must show substantial compliance with his part of the agreement" (citation omitted)). "An offer to pay the purchase price on delivery of a properly executed deed is not an unconditional tender." *McLoon v. McLoon*, 220 Ga. 18, 20 (2) (a) (136 SE2d 740) (1964) (citations omitted).

[1] Behdadnia did not include a transcript of this hearing in the record on appeal.

4

"However, tender is excused or waived where the seller, by conduct or declaration, proclaims that if a tender should be made, acceptance would be refused. The law does not require a futile tender or other useless act." *Krieger v. Bonds*, 333 Ga. App. 19, 28 (1) (775 SE2d 264) (2015) (citations omitted). *See also Marsh v. Baird*, 203 Ga. 819, 820 (4) (48 SE2d 529) (1948). "[S]o long as the contract for the sale of land is in writing, signed by the other party, is certain and fair, for adequate consideration, and capable of being performed, a court of equity can decree that it be specifically performed." *Fox Run Properties, LLC v. Murray*, 288 Ga. App. 568, 573 (2) (b) (654 SE2d 676) (2007) (citation and punctuation omitted).

Here, Behdadnia does not claim to have paid the purchase money in accordance with the terms of the contract. But Behdadnia claims in his verified complaint to have "put[ ] up more than $450,000 dollars" of the $525,000 purchase price.[2] It is unclear whether this means that Behdadnia made an unconditional tender of the $400,000 (or more) due under the Sales Agreement. Ordinarily, when considering an appeal from an order on a motion to dismiss, we would construe this ambiguity in the complaint in Behdadnia's favor. *See Racette*, 318 Ga. App. at 172. However, following a

---

[2] Under the terms of the Sales Agreement, $400,000 was to be paid to Beavers at closing, with the remaining $125,000 to be financed by Beavers.

5

hearing on the matter, the trial court found that Behdadnia did not pay or tender the purchase money as called for under the sales contract. Because Behdadnia failed to include a transcript of that hearing, it is unclear to us whether the trial court relied on testimonial evidence outside of the pleadings in arriving at its conclusion, thus converting the motion to one for summary judgment. *See Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000). For this reason, we must vacate the trial court's order granting Beavers' motion to dismiss and remand the case for reconsideration in accordance with this opinion.

*Judgment vacated and case remanded. Ellington, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.