**FIRST DIVISION
BARNES, P. J.,
MCFADDEN, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 22, 2023**

# In the Court of Appeals of Georgia

A23A0370. BERLIN et al. v. CITY OF ATLANTA et al.

BARNES, Presiding Judge.

This appeal arises from a dispute over whether the City of Atlanta's Urban Design Commission ("UDC") properly approved a Certificate of Appropriateness ("COA") for the redevelopment of two parcels within the Druid Hills Landmark District ("District"). Following the grant of their application for discretionary appeal, Melissa Berlin and three other District residents who live near the parcels ("Neighbors")[1] appeal from the trial court's order granting summary judgment to the City and the owners of the parcels. Because the superior court did not consider the Neighbors' substantive challenges to the UDC's decision, we vacate the trial court's

---

[1] The three other appellants are Daniel Berlin, Julia Wilson, and Elizabeth Jane Smith.

summary judgment order and remand the case for further proceedings not inconsistent with this opinion.

The record shows that Renu and Altaf Lal ("Owners") own two adjoining parcels within the District that currently contain two homes and two free-standing garage structures. On February 2, 2021, the Owners applied to the UDC for COAs to redevelop the parcels. Specifically, the Owners sought one type of COA for the demolition of the existing garage structures on the properties; and a second type of COA to (1) restore and expand the existing homes; (2) construct two new homes comparably sized to the renovated existing homes; and (3) build a pool house.

The UDC set the matter for a public hearing at its February 24, 2021 meeting. Hearing notices were mailed to 29 property owners, but not to Neighbors Melissa or Daniel Berlin. The Owners posted signs on the properties advertising the hearing, and the City published on its official website the UDC agenda for the February 24 hearing, which included the Owners' COA applications.

The Neighbors claim that the Owners' architect told them that the Owners would not be presenting their applications at the February 24 meeting, but, in fact, the Owners did present. Zoom attendance records show that at least two of the Neighbors were present. The Neighbors had submitted a lengthy written opposition to the

Owners' applications beforehand, and one made a verbal presentation at the hearing. The Neighbors opposed the applications on the grounds that they had not received adequate notice as required by the City's municipal code and that the Owners' proposed renovations would alter the character of the neighborhood and disturb their quiet enjoyment of their own properties.[2] At the end of the February 24 hearing, the UDC voted to defer the applications for further consideration.

The UDC re-heard the matter on March 24. Although no new notices were mailed and no additional signs were posted, at least two of the Neighbors attended and spoke at the March 24 meeting. The UDC voted to approve the demolition COA, and the Neighbors do not challenge that decision. The UDC also voted to defer for consideration the second COA that would allow the Owners' proposed new construction until the UDC's April 14 meeting. No new notices were provided for the April 14 hearing, but some of the Neighbors and their legal counsel attended and made written and/or oral presentations. At the end of the April 14 hearing, the UDC voted unanimously to approve the second COA.

---

[2] For instance, the Owners' plans apparently require the removal of a portion of tree canopy, and all four homes would have rooftop decks giving the occupants views into neighboring lots.

The Neighbors timely filed a petition for certiorari in the superior court, naming the UDC and its individual members as respondents and the City and the Owners as defendants. The Neighbors asserted three claims for relief: (1) a challenge to the UDC's substantive decision to approve the second COA; (2) declaratory judgment, seeking a ruling that the approval was void due to improper hearing notice; and (3) an injunction to stop the Owners from proceeding with the project. The Neighbors then filed a motion for partial summary judgment on their claim of inadequate notice. The Neighbors argued that the notice was deficient in multiple respects, including that the municipal code required that affected property owners receive written notice before *every* hearing, not just the first one; that some Neighbors received no written notice at all; and that the posted signs did not include all the hearing dates. The City and the Owners both filed responses addressing the notice issue. The Neighbors filed a reply brief, again addressing the notice issue No briefing by any party addressed the UDC's substantive decision to grant the second COA.

Following oral argument, the superior court entered a "Final Order Denying Petitioners' Motion for Partial Summary Judgment and Granting Summary Judgment to Defendants." As to the notice argument, the court ruled that the municipal code did not require notice before every hearing, that substantial compliance with the notice

4

requirements was sufficient, that substantial compliance occurred here, and that the Neighbors were not harmed by any deficiency in notice. The court went on to construe the response briefs filed by the City and the Owners as cross-motions for summary judgment, which it then granted. Specifically, in the final paragraphs of the order summarizing the ruling, the court stated:

> [T]his Court finds the [Neighbors] have not met their burden on summary judgment and are not entitled to judgment as a matter of law. [The Neighbors'] Motion is hereby DENIED. However, pursuant to OCGA 9-11-54 (c) (1)[3] and Georgia case law . . . , this Court finds that the Lal and City Defendants' responses to [the Neighbors'] Motion for Partial Summary Judgment are effectively cross-motions for partial summary judgment; the [Neighbors] were given full opportunity to respond to the issues raised by these Defendants in connection with the [Neighbors'] certiorari claim, and the Record supports the entry of partial summary judgment . . . for the Lal and City Defendants on [the Neighbors'] certiorari claim. As such, [the Neighbors'] Motion for

---

[3] OCGA § 9-11-54 (c) (1) states in relevant part:

Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of the relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.

5

Partial Summary Judgement [sic] is hereby DENIED and summary judgment in favor of the Lal and City Defendants is hereby GRANTED.

IT IS FURTHER ORDERED that because this Court determined that the decision of the UDC to approve the Lals' COA is not void [for inadequate notice], Counts II for Declaratory Judgment (seeking declaration that any permits based on the void COA are unlawful) and VI (sic) (seeking an injunction to prevent Defendant Lals' [sic] from pursuing permits based on their voided COA) are hereby rendered MOOT.

The Neighbors timely filed an application for discretionary appeal, which this Court granted. This appeal followed.

1. The Neighbors argue that the superior court erred by entering a final order disposing of the entire case when their substantive challenges remained unaddressed.[4]

---

[4] The Owners, in their brief on appeal, also state that they

concede that Paragraphs 62 and 69 of the original petition set forth substantive claims as part of the Appellants' certiorari claim stating that there was no evidence in support of the decision to approve the Lals' COA applications. While the Lal Appellees vigorously dispute these claims, they were not ruled on by the trial court and were not argued in the summary judgment proceedings. While the granting of partial summary judgment on the procedural claims to Appellees is clearly sustainable, remand to the trial court for ruling on Appellants' substantive claims within the certiorari count

6

We agree. The only issue raised in the Neighbors' motion for summary judgment, and the only issue addressed in the order, was the Neighbors' procedural notice challenge. Their substantive challenges to the merits of the UDC's decision were neither raised in any summary judgment briefing nor addressed nor explicitly considered by the court.

> In order to properly grant summary judgment sua sponte to a nonmovant, it is not sufficient that the issues upon which the sua sponte grant of summary judgment is based are merely similar or related to those raised in the movant's motion for summary judgment, or that they are issues that could have otherwise become the subject of a proper motion for summary judgment because they were raised in the pleadings. The issues must be identical to those raised in the movant's motion, such that it would render the nonmovant's filing of a separate motion for summary judgment on those same issues "a pure formality." Additionally, the sua sponte grant of summary judgment must be proper in all other respects, which means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.

(Citations and punctuation omitted.) *BAC Home Loans Servicing, L.P. v. Wedereit*, 297 Ga. 313, 313-314 (773 SE2d 711) (2015). Here, the substantive issues that the

---

may be required.

superior court appears to have overlooked are set forth in Count I of the petition, which alleges that the UDC's decision was not supported by the evidence and that it failed to comply with the municipal code by ignoring "criteria for review of a general design application." These issues are wholly distinct from whether the Neighbors received adequate hearing notice and therefore were not an appropriate subject of summary judgment. See id.

Further, nothing in the record suggests that the superior court informed the Neighbors that it was considering the substantive issues or that it gave them an opportunity to brief those issues. See *Aycock v. Calk*, 222 Ga. App. 763, 764 (476 SE2d 274) (1996) ("The crucial point is to insure that the party against whom summary judgment is sought has had a *full and final opportunity* to meet and attempt to controvert the assertions against him.") (citation and punctuation omitted; emphasis in original). Under these circumstances, we conclude that the superior court erred by extending its summary judgment ruling to the substantive issues, and we vacate the court's "Final Order Denying Petitioners' Motion for Partial Summary Judgment and Granting Summary Judgment to Defendants" and remand the case for additional proceedings not inconsistent with this opinion. See id.

2. In light of our conclusion in Division 1, the Neighbors' remaining enumerations of error–that the trial court erred in concluding that the City's regulation of "design" was not the exercise of "zoning power"; that the court erred in concluding that "substantial compliance" was the correct standard for the applicable notice procedures; and that the court erred in dismissing as moot the Neighbors' claim for declaratory judgment –need not be reached now.

*Judgment vacated and case remanded. McFadden, P. J., and Land, J., concur.*