**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 29, 2025**

# In the Court of Appeals of Georgia

A25A0532. SPENCER v. CHEROKEE COUNTY SCHOOL
     DISTRICT.

HODGES, Judge.

The Cherokee County School District (the "District") refused to allow William Brandon Spencer to photograph or reproduce instructional material — including a book entitled *Choosing the Best Path* — related to a middle school sexual education curriculum. Spencer filed a pro se lawsuit seeking a declaratory judgment and an injunction and raising arguments, inter alia, under the Georgia Open Records Act (the "ORA") (OCGA § 50-18-70 et seq.). The District moved for summary judgment, and the trial court granted its motion without holding a hearing.[1] Spencer appeals pro se,

---

[1] The District did not request a hearing, and Spencer withdrew his request for a hearing.

contending that the trial court erred in granting the motion for summary judgment and in its application of federal preemption principles; he also argues that the court erred by failing to issue a declaratory judgment. For the reasons that follow, we reverse the grant of summary judgment to the District.

> [T]o prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment, the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *BCG Operations v. Town of Homer*, 366 Ga. App. 535, 537 (883 SE2d 549) (2023).

So viewed, the record evidence[2] shows that Spencer or his wife received e-mails from Freedom Middle School in Cherokee County inviting parents to "preview the content" of the school's "Puberty Sex Ed., Aids Education" ("PSEAE") curriculum. Spencer avers, without citation to the record, that he attended the parent preview and verbally asked to copy the PSEAE materials, but his request was denied. Spencer then sought an opportunity to "further inspect" the PSEAE materials. The District offered two one-hour time slots. Spencer inspected the materials, but was asked to leave when he repeatedly refused the principal's directive that he not photograph pages from *Choosing the Best Path* because the book is protected by copyright. The record contains

_____

[2] Spencer's brief contains insufficient citations to the record, as well as record citations that do not comport with our rules, hindering our review. See Court of Appeals Rule 25 (d) (1) (i) ("Each enumerated error shall be supported in the brief by *specific* reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration.") (emphasis supplied); Rule 25 (d) (2) (providing that "[r]eference to an electronic record should be indicated by the volume number of the electronic record and the PDF page number within that volume (Vol. Number – PDF Page Number; for example, V2-46)." This Court does not "cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citation and punctuation omitted.) *Guilford v. Marriott Intl.*, 296 Ga. App. 503, 504 (675 SE2d 247) (2009). "[I]f we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with [the appellant]." (Citation and punctuation omitted.) *Sadler v. Rigsby*, 343 Ga. App. 269, 273 (2), n. 3 (808 SE2d 11) (2017).

an e-mail in which Spencer asked to copy the PSEAE curriculum and cited to part of the ORA, OCGA § 50-18-72. The District's counsel responded with two letters. One letter acknowledged the request to copy the PSEAE curriculum, but said that while OCGA § 20-2-786, known as the "Parents' Bill of Rights," gave parents the right to inspect instructional materials, it did not require the school to allow Spencer to photograph or copy them, and that the school's principal had correctly prohibited him from doing so. The letter acknowledged that Spencer had made an ORA request, and asserted that to the extent that the ORA applied to the materials at issue, it did not permit copying in contravention of federal copyright statutes.

Spencer sued, seeking, inter alia, a declaration of "the right to inspect and copy the PSEAE Instructional Materials" and a declaration that "'Instructional Materials' stated in OCGA [§] 20-2-786 are subject to inspection pursuant to OCGA [§] 50-18-71." The District moved for summary judgment. The motion argued that *Choosing the Best Path* is copyrighted and that the publisher prohibits reproduction without prior permission. The motion also explained that the District had refused to allow Spencer to copy the book "on pain of violating *Choosing the Best Path*'s copyright." The District further asserted that the ORA was preempted by federal copyright law. The

trial court granted the motion in an order that provides that "the parties stipulated the central issue in the matter is whether the [District] should have allowed [Spencer] to copy *Choosing the Best Path*,[3] the specific sexual education material at issue in [Spencer's] complaint."[4] In this focused order, the trial court determined that federal copyright law preempted the ORA, and that the District was not required to allow Spencer to copy *Choosing the Best Path*. Spencer appealed.

---

[3] Spencer also argues that the trial court "has erroneously maintained" that this stipulation occurred. In support of this contention, Spencer cites to the trial court's order itself regarding the summary judgment now under appeal; he also cites to pages from the transcript of a hearing on his own earlier motion for summary judgment, the denial of which is unappealed. In any event, the specific transcript pages he cites do not address this issue. Spencer has failed to show error by the record. *Screven County v. Sandlin*, 363 Ga. App. 825, 828, n. 2 (872 SE2d 890) (2022); see also Court of Appeals Rule 25 (d) (1) (i).

[4] It is not clear from the record whether the trial court examined a copy of *Choosing the Best Path*. At the hearing on Spencer's motion for summary judgment, Spencer objected when the District's counsel proffered a copy of *Choosing the Best Path*, arguing, "I have no idea what this is, if it's part of the [PSEAE] materials whatsoever[.]" See generally *Dooley v. Davidson*, 260 Ga. 577 (1) (397 SE2d 922) (1990) (noting, in case where newspapers made ORA request seeking multiple documents, that all documents were submitted for in camera inspection; after review, the trial court found that only some were subject to the ORA).

1. Spencer contends that the trial court erred in finding that federal copyright law preempted the ORA.[5] We agree.

The District concedes that it has "accepted that the materials in question are 'public records[,]'" and that the "ORA required the [District] as a public agency to allow [Spencer] to copy the *Choosing the Best Path* curriculum materials."[6] The District continues to argue, however, that federal preemption means it did not have to comply with the ORA. Our Supreme Court has determined that if the publication at issue is a

> public record[], the second inquiry is whether [it is] protected from public disclosure pursuant to §§ 50-18-70 or 50-18-72. If [it is] not exempt under the list of exemptions found in § 50-18-72 or under any other statute, then the question is whether [it] should be protected by court order under § 50-18-70, but only if there is a claim that disclosure of the public records would invade individual privacy[.]

---

[5] "For convenience of discussion, we have taken the enumerated errors out of the order in which appellant has listed them[.]" (Citation and punctuation omitted.) *Saik v. Brown*, 355 Ga. App. 849, 851 (2), n. 1 (846 SE2d 132) (2020).

[6] See *Napper v. Ga. Television Co.*, 257 Ga. 156, 160 (a) (356 SE2d 640) (1987) ("Where there is a request for disclosure of documents under the Public Records Act, the first inquiry is whether the records are public records.") (punctuation omitted); OCGA § 50-18-70 (b) (1), (2) (defining, respectively, certain school districts as state agencies, and public records).

(Citations and punctuation omitted.) *Hardaway Co. v. Rives*, 262 Ga. 631, 632-633 (1) (422 SE2d 854) (1992). The trial court's order does not find, nor does the District argue on appeal, that *Choosing the Best Path* is exempt under OCGA §§ 50-18-70 or 50-18-72. The District further made no claim of individual privacy.

Rather, the District contended that the book's publisher has "control over the copying of its materials" and, as a result, "the [District] could not allow [Spencer] to copy the materials on pain of violating Choosing the Best's copyright." The trial court found that the federal copyright act gave *Choosing the Best Path*'s "publisher . . . exclusive rights to reproduce the work[,]" and that the ORA was preempted by federal copyright law.

We thus must determine whether federal copyright law preempts the ORA under the circumstances presented in this case. First, "[w]e must decide whether the rights at issue fall within the 'subject matter of copyright' set forth in [17 USCA §§] 102 and 103 and whether the rights at issue are 'equivalent to' the exclusive rights of [17 USCA §] 106." (Citations and punctuation omitted.) *Crow v. Wainwright*, 720 F2d 1224, 1225-1226 (11th Cir. 1983). No party appears to dispute the trial court's determination that *Choosing the Best Path* falls within the scope of 17 § USC 102 (a)

(1)'s copyright protection for "literary works[,]" so we need only analyze whether the rights at issue under the ORA are equivalent to the rights outlined at 17 USC § 106 (1) ("the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: [] to reproduce the copyrighted work in copies").

> State law rights that are the equivalent of those protected under the federal copyright law are preempted. 17 USCA § 301. To determine whether a state law is the equivalent of the federal copyright law, the courts often apply what has become known as Nimmer's[7] "extra-element" test:
>
> A right which is "equivalent to copyright" is one which is infringed by the mere act of reproduction, performance, distribution or display. *If under state law the act of reproduction, performance, distribution or display, will in itself infringe the state created right, then such right is preempted.* But if other elements are required, in addition to or instead of, the acts of reproduction, performance, distribution or display, *in order to constitute a state created cause of action*, then the right does not lie "within the general scope of copyright," and there is no preemption.

(Citation and punctuation omitted; emphasis supplied.) *Briggs v. State*, 281 Ga. 329, 332 (3) (638 SE2d 292) (2006). Federal copyright laws preempt state-created "legal

[7] See Nimmer, The Law of Copyright, § 1.01.

8

or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . ." 17 USCA § 301 (a).

Here, neither the rights at issue under the ORA and federal copyright law, nor the methods of violating those laws such that a "state created cause of action" is triggered, *Briggs*, 281 Ga. at 332 (3), are equivalent. Specifically, the rights provided by the ORA are for personal *inspection and copying of public records*, without mention of copyright status. See, e.g., OCGA §§ 50-18-71 (a); 50-18-72. "The federal copyright law, on the other hand, *protects the exclusive right of the copyright owner to reproduce*, perform, distribute or display the copyrighted work." (Emphasis supplied.) *Briggs*, 281 Ga. at 332 (3); see 17 § USC 106.

Stated another way, "Section 301 (a) preempts a state-created right if that right 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights [listed in § 106].'" (Citation omitted.) *Anderson v. Nidorf*, 26 F3d 100, 102 (I) (9th Cir. 1994). Applying the *Anderson* language to the issue at hand, the ORA-granted right to copy is not "abridged" by "an act which . . . would infringe" a copyright. See *Briggs*, 281 Ga. at 332 (3).

Further, the elements of establishing a state-created right of action are dissimilar: to violate the ORA, the public entity possessing the material at issue must *deny* the right of inspection and copying of public documents regardless of their copyright status; to violate the copyright act, by contrast, a person *must engage in* unauthorized reproduction of a work which is copyrighted, and whose copyright is owned by someone else. Compare *Crow*, 720 F2d at 1226 (finding that Florida statute that prohibited dealing in stolen property — in that instance, "bootleg" eight-track tapes — was preempted by federal copyright law because "the elements essential to establish a violation of the Florida statute in this case correspond almost exactly to those of the tort of copyright infringement").

Finally, we return directly to Nimmer's extra elements test. "[I]f violation of the state right is 'predicated upon an act incorporating elements beyond mere reproduction or the like,' there is no preemption." (Citation omitted.) *Anderson*, 26 F3d at 102 (I). Unlike the ORA, federal copyright law does not require that the copyrighted records be public records. Thus, violating "the Georgia statute [requires] an extra element — i. e., [that the records must be public] — which qualitatively distinguishes it from federal copyright law and saves it from preemption." *Briggs*, 281

Ga. at 332 (3) (finding that OCGA § 16-8-60 (b), which prohibits the sale, distribution, circulation, or possession of recordings which do not have a label identifying the "transferor" of the sounds, regardless of copyright status, did not criminalize unauthorized copyrighted works and thus contained an extra element — labeling — distinguishing it from federal copyright law and preemption).

We conclude that the ORA is not preempted by federal copyright law. As the District acknowledges, *Choosing the Best Path* is a public record subject to the ORA — unless an exemption applies. The District does not argue that any exemptions apply;[8] it only raises the publisher's copyright protections. We note that our Supreme Court has determined that a university, in its role as a public agency, must disclose public records which do not qualify for an ORA exemption even though the university holds its own copyright in that material. See *Dooley v. Davidson*, 260 Ga. 577, 581 (6) (d)

---

[8] Unlike public records laws in some other states, Georgia's ORA contains no explicit or implicit exemption for public records that are copyrighted, either by the public agency itself or by a third party. See, e.g., *Hutchins v. Clark*, 661 F3d 947, 951 (II) (A), n. 1 (7th Cir. 2011) (recognizing that Wisconsin's open records law, Wis. Stat. § 19.32 (2), specifically excludes from open records "materials to which access is limited by copyright"). Consistent with the fundamental separation of powers between legislative and judicial branches of government, this Court "cannot add language to a statute by judicial decree." (Citation and punctuation omitted.) *Moosa Co. v. Dept. of Revenue*, 353 Ga. App. 429, 432 (838 SE2d 108) (2020).

(397 SE2d 922) (1990). Here, the circumstances present an even stronger case: The District is attempting to assert third party rights to enforce a copyright owned by a private publisher not a party to this litigation. The District argues that it is bound by a contract with the publisher which explicitly prohibits reproduction without the publisher's prior written permission.[9] The trial court's order finds that "the contract between the Cherokee County School District and Choosing the Best Path Publishing, LLC is subject to the express prohibition that 'no part of this book may be reproduced in any manner whatsoever without the prior written permission of the publisher.'" The record, however, shows that the language the trial court quoted comes from one of the pages of the book itself; the District points us to no copy of any contract in the record, nor do we find one, that binds the District to enforce as a third party a copyright it does not hold.[10]

---

[9] Nothing in the parties' briefs indicates that either Spencer or the District sought written permission from the publisher to copy *Choosing the Best Path*. See generally *Campaign for Accountability v. Consumer Credit Research Foundation*, 303 Ga. 828, 832 (2) (815 SE2d 841) (2018) (finding that "an agency that decides to release documents that a federal statute or regulation requires to be kept confidential would not violate the Open Records Act. The agency, however, would violate the federal statute or regulation.") (emphasis omitted).

[10] The record does not indicate that either the District nor the trial court sought to add *Choosing the Best Path*'s publisher and copyright owner as a necessary party. See

"Unless otherwise exempted from production, a public citizen seeking documents pursuant to the Open Records Act is entitled to inspect and copy all of the documents requested. *Conklin v. Zant*, 263 Ga. 165 (430 SE2d 589) (1993)." (Emphasis omitted.) *Felker v. Lukemire*, 267 Ga. 296, 298 (2) (477 SE2d 23) (1996). The District has shown no exemptions. The trial court erred in finding that federal copyright law in this instance preempted the requirements of the ORA which allow Spencer to copy *Choosing the Best Path*.[11]

2. In a wide-ranging enumeration, Spencer argues that the trial court erred in otherwise granting summary judgment to the District. Because the ORA is not preempted, we will examine his other appellate contentions here to the extent that they fall within the purview of the District's summary judgment motion, which was limited to whether federal copyright law preempted the ORA. See *Covington v. Countryside Investment Co.*, 263 Ga. 125, 127 (3) (428 SE2d 562) (1993) (limiting review of summary judgment order to the same issue and claim addressed).

OCGA § 9-11-19 (a) (discussing determination of who is a necessary party); OCGA § 9-11-21 (providing for the addition of parties on motion or sua sponte by the court).

[11] We do not address whether Spencer's proposed use of *Choosing the Best Path* might amount to fair use under federal copyright law, nor do we address the publisher's ability to enforce its copyright against Spencer.

We note that although Spencer avers that genuine issues of material fact exist regarding his right to inspect and copy the PSEAE materials, there appears to be no factual dispute about the amount of time he was given to inspect the book and it is undisputed that he was not allowed to copy the book.

(a) Spencer contends that the District failed to satisfy the statutory requirements of OCGA § 50-18-71 because he received "only limited access" to the PSEAE material via two one-hour review periods.

He cites to no legal authority requiring the District to offer him any particular amount of time for inspection. Our Supreme Court has held "that a custodian of public records complies with an ORA request when he grants reasonable access to the files in his custody." *Felker*, 267 Ga. at 299 (2). Spencer makes no argument regarding why the inspection access he was given was not reasonable. We find no error.

(b) Spencer also argues that when the District refused to let him make copies, it failed to identify specific legal authority exempting the book from the copying provisions of the ORA.

OCGA § 50-18-71 (d) provides:

In any instance in which an agency is required to or has decided to withhold all or part of a requested record, the agency shall notify the

requester of the specific legal authority exempting the requested record or records from disclosure by Code section, subsection, and paragraph within a reasonable amount of time . . . .

The District's letters denying Spencer's copying request cite "specific legal authority" supporting the denial. See id. Spencer fails to argue why the District's citations to authority, whether correct or not, are facially insufficient for compliance with OCGA § 15-18-71 (d). *Glisson v. Freeman*, 243 Ga. App. 92, 107 (4) (532 SE2d 442) (2000) (holding that conclusory assertions, in the absence of analysis or legal argument, are insufficient for appellate review). This contention presents nothing for review.

(c) Spencer also argues that the trial court "failed to consider the implications" of part of the "Parents' Bill of Rights," OCGA § 20-2-786 (c) (5), and that the District failed to comply with OCGA § 20-2-1017 (b) because it did not provide a list of proposed instructional materials for public review. These are "entirely different issue[s] and . . . entirely different claim[s]" outside the scope of the ORA and federal preemption and are "not . . . within the ambit of appellee's motion for summary judgment . . . ." *Covington*, 263 Ga. at 127 (3). We therefore do not address them.

15

3. Spencer asserts that the trial court erred in failing to issue a declaratory judgment "affirming that instructional materials are generally subject to Open Records requests." He specifically argues that his "request for relief extends beyond the PSEAE Materials" but does not identify what instructional materials he is referencing, and makes only conclusory assertions that he "faces uncertainty regarding his legal rights and obligations" as to these unidentified instructional materials. See *Glisson*, 243 Ga. App. at 107 (4). In any event, this is outside the scope of the District's summary judgment motion and the trial court's order, which encompassed only federal preemption of the ORA in relation to *Choosing the Best Path,* not unidentified additional instructional materials. See *Covington*, 263 Ga. at 127 (3). We find no error.

*Judgment reversed. Pipkin, J., concurs; and McFadden, P. J., concurs in Divisions 2 and 3, and dissents in Division 1.*

# In the Court of Appeals of Georgia

A25A0532. SPENCER v. CHEROKEE COUNTY SCHOOL DISTRICT.

McFADDEN, Presiding Judge, concurring in part and dissenting in part.

I would vacate the trial court's order and remand the case for further proceedings. So I respectfully dissent to Division 1. I concur in the remainder of the opinion.

It could be that the copyrighted material is exempt from the Open Records Act as a trade secret. OCGA § 50-18-72 (a) (34). OCGA § 10-1-761 (4) defines "trade secret" as:

information . . . which is not commonly . . . available to the public and which information [d]erives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

(Punctuation omitted).

OCGA § 50-18-72 (a) (34) excepts from disclosure "[a]ny trade secrets obtained from a person or business entity that are required by . . . bid[ ] or request for proposal to be submitted to an agency."

Regardless, I would direct the trial court to join the copyright holder as a party because "the disposition of the action in his absence may [a]s a practical matter impair or impede his ability to protect [his] interest or [l]eave [the school district] subject to a substantial risk of incurring . . . inconsistent obligations by reason of his claimed interest." OCGA § 9-11-19 (a). See generally *Weisberg v. United States Dept. of Justice*, 631 F2d 824 (1980) (D.C. Cir. 1980). Indeed, the trade-secret exception to disclosure contemplates involvement of the entity from which the information is obtained. See OCGA § 50-18-72 (a) (34).

"There is no reason . . . that a party should be able to use [the Open Records Act] as an end run around the protections afforded by copyright to access information [he] would otherwise have to pay for, nor should the Act be read to place agencies in the position of having to disclose information that could later lead to infringement suits." *Naumes v. Dept. of the Army*, 588 FSupp3d 23 (D.D.C. 2022).